[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter is before the court as a result of an underinsured motorist arbitration. For purposes of this action, the relevant facts are as follows. On July 7, 1984, plaintiff, Frederick Monsees, who is employed as a laborer-truck driver with Baier Construction Company, was injured in a motor vehicle accident while he was driving in the course of his employment. The accident occurred as a result of a head-on collision between Monsees' vehicle, a tractor truck owned by his employer, and a vehicle operated by Donald Neel. The police cited Neel for traveling unreasonably fast and for passing in a no-passing zone, and, as a result of the accident, plaintiff suffered a compression injury and a fracture to the cervical and lumbar spine, resulting in a 5% permanent partial disability to each. (Defendant's Exhibit #4: Claimant's Position statement, Exhibit A), (hereinafter "Claimant's Position Statement").
Plaintiff was covered by an insurance policy issued by defendant through Aetna Insurance Company. (Defendant's Memorandum, dated September 18, 1992, p. 2). This policy provided underinsured motorist coverage of $50,000.00 per vehicle for two vehicles, and Neel, the tortfeasor, was insured under a Metropolitan Insurance Company policy with a liability limit of $50,000.00. (Defendant's Exhibit #5: Monsees statement Under Oath, p. 4), (hereinafter "Monsees' statement").
Pursuant to General statutes 38a-336(c), and in accordance with the arbitration clause in plaintiff's Aetna policy, plaintiff sought the underlying arbitration, and an arbitration panel conducted a hearing on June 10, 1992. (Plaintiff's Memorandum, dated August 25, 1992, p. 4). The entire CT Page 1052 arbitration panel agreed that the full value of plaintiff's claim was $68,000.00. In addition, the panel majority found that a set-off of $40,000.00, representing the tortfeasor's liability payment, and an additional set-off of $38,007.43, the amount received from the Worker's Rehabilitation Fund, should be applied against the agreed-upon value of plaintiff's claim. The panel majority further concluded that plaintiff was not entitled to any further benefits because the set-off amounts, totaling $78,007.43, exceeded the total value of the case. (Arbitration Decision, p. 3).
The Arbitration Decision is dated July 15, 1992, but both parties contend that they were notified of the decision on July 31, 1992. (Plaintiff's Memorandum, dated August 25, 1992, p. 4; Defendant's Memorandum, dated September 18, 1992, p. 3). Plaintiff filed an Application to Modify or Vacate the Arbitration Award on September 3, 1992. In addition, defendant submitted a Motion to Confirm, dated September 18, 1992, which does not contain a file stamp from the clerk's office.
Initially, plaintiff maintains that the tortfeasor was an underinsured as defined by General Statutes 38a-336(b), and that plaintiff possessed $100,000.00 in underinsured motorist coverage at the time of the accident. Plaintiff further contends that defendant is statutorily entitled to a set-off of only $40,000.00; therefore, plaintiff concludes that he is entitled to an additional $28,000.00 in underinsured coverage from the Aetna policy. This figure represents the difference between $68,000.00, the value of the claim, and $40,000.00, the amount received from the tortfeasor's liability insurance policy. (See, generally, Plaintiff's Memorandum, dated August 25, 1992).
Defendant counters that, after all appropriate reductions are taken from defendant's limits of liability, plaintiff is not entitled to any further underinsured motorist coverage, and, in any event, no underinsured motorist claim has been triggered under the facts presented by this case. Defendant maintains that its liability of $100,000.00 should first be reduced by $40,000.00, and that if "either of the two additional claimed reductions in limits of liability are valid, Defendant's limits would, thereby, be reduced below the $50,000.00 of coverage provided by the tortfeasor's policy and, therefore, no underinsured motorist claim would be triggered." (Defendant's Memorandum, dated September 18, 1992, CT Page 1053 pp. 13-14).
In the alternative, defendant argues that if the court should find that plaintiff is entitled to additional coverage, plaintiff's recovery is limited to the difference between the applicable limits of liability of plaintiff's underinsured motorist coverage and the tortfeasor's limits of liability. (Defendant's Memorandum, dated September 18, 1992, p. 15). Defendant posits that, pursuant to the underinsured motorist statute, the proper set-off amount should be the total coverage available to the tortfeasor, i.e., $50,000.00, rather than the $40,000.00 that plaintiff actually received. (Defendant's Memorandum, dated September 18, 1992, p. 20). Finally, defendant maintains that the arbitrators properly set-off the $38,007.43 that plaintiff received from the Division of Workers' Rehabilitation Fund. Defendant emphasizes that the agreed-upon value of this claim is $68,000.00, and that if the court finds that the sum plaintiff received from the Fund, $38,007.43, is not a set-off, then plaintiff will have received payments totaling $105,007.43 on a claim valued at only $68,000.00.
A motion to vacate, modify, or correct an arbitration award must be made within thirty days of receiving notice of the award. Vail v. American Way Homes, Inc., 181 Conn. 449,452, 435 A.2d 993 (1980), citing General Statutes52-420. Section 52-420(b) provides that "[n]o motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."
In addition, General Statutes 52-417 provides in pertinent part that "[a]t any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."
Here, plaintiff was notified of the arbitration award on July 31, 1992, and his Application, dated August 25, 1992, was file-stamped by the clerk's office on September 3, 1992. Therefore, plaintiff, as "the party attacking the CT Page 1054 award, failed to establish its invalidity," and the court confirms the arbitration award in accordance with General Statutes 52-417. See Vail v. American Way Homes, Inc., supra, 453.
So ordered,
JOHN J. LANGENBACH JUDGE, SUPERIOR COURT