[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATIONS TO CONFIRM AND TO VACATEARBITRATION AWARD
Plaintiff applies to vacate an arbitration award and defendant applies to confirm it.
Facts
On September 7, 1989, the plaintiff was a passenger in a motor vehicle owned and operated by James Monfette (Monfette) on Abbe Road in Enfield, Connecticut when the vehicle collided with another vehicle, causing the plaintiff personal injuries. Monfette was at fault.
On November 9, 1992, the plaintiff notified the defendant, in writing of a potential underinsured motorist (UM) claim. CT Page 12765
In January of 1993, the plaintiff settled her claim against the tortfeasor, Monfette, and exhausted the limits of the liability insurance policy on Monfette's vehicle.
In December of 1993, the plaintiff filed an Application to Compel Arbitration in writing under the terms of her insurance policy with the defendant as to the UM claim.
On July 5, 1994, the parties participated in arbitration under that policy.
On September 12, 1994, a majority of the arbitrators issued a written decision and award.
The defendant's policy provides for UM coverage on pages 9 thru 11. That section does provide that if the parties cannot agree as to the amount of damages "the insured may elect to have the matter decided by arbitrators." That section does not provide a time limitation for commencement of the contemplated arbitration.
In the section denominated "general policy conditions" in paragraph 9 on page 15 the policy states the following:
 Under the Uninsured Motorists coverage, any arbitration or legal action against the company must begin within the time limit allowed for bodily injury or death actions in the state where the accident occurred.
The policy was amended by "amendatory endorsement (Connecticut)." That endorsement on its second page contains, in pertinent part the following:
UNINSURED MOTORISTS[1]
Any Uninsured Motorists coverage provided by your policy is replaced to read:
COVERAGE[2]
Under this coverage, we will pay bodily injury damages . . .
In any uninsured motorists claim, we will jointly determine with the insured or his legal representative whether there is CT Page 12766 legal right to recover damages, and if so in what amount. If agreement cannot be reached with regard to liability or amount of damages, the insured may elect to have the matter decided by arbitration. . . .
COVERAGE EXCLUSIONS[3]
The Uninsured Motorists insurance does not apply as follows: . . .
OBLIGATIONS OF THE INSURED[4]
The insured in making a claim under this coverage must submit written proof of the claim . . .
ARBITRATION[5]
If we and the insured do not agree about coverage or the insured's right to recover damages or the amount of damages, and the insured elects to arbitrate, the following arbitration procedure will be used:
The number of competent and disinterested arbitrators will be selected by the parties as follows:
 1. one arbitrator if the limits available under this policy or the amount in demand is $40,000 or less; or
 2. three arbitrators if the limits available under this policy and the amount in demand exceeds $40,000. In this situation, each party will select an arbitrator. The two so selected will select the third.
If the selection cannot be agreed upon within 30 days, the insured or the company may request that selection be made by a judge of a court of record in the county and state in which arbitration is pending. Each party will pay equally for the expenses of arbitration including the fee(s) of the arbitrator(s).
Unless the insured and the company agree otherwise, arbitration will take place in the county and state in which the insured lives. Arbitration will be subject to the usual CT Page 12767 rules of procedure and evidence in such county and state. The arbitrators will determine questions in dispute.
When used, arbitration of uninsured motorists claims is binding on the insured and the company only if the award is within the limits of state financial responsibility laws where the insured auto is principally garaged. If the award exceeds these limits, the company or the insured may demand a trial. This right must be used within 60 days after the award. Trial will be in a court of competent jurisdiction. Trial will be on all issues of the award including the amount within the financial responsibility limits.
As an alternative to the previously described procedures, if the insured and the company agree, arbitration will be in accordance with rules of the American Arbitration Association.
Judgment upon any award for which trial has not been demanded may be entered in any court having jurisdiction over it.
LIMITS OF PAYMENT
AMOUNTS PAYABLE FOR UNINSURED MOTORISTS LOSSES. Our obligation to pay uninsured motorists losses is limited to the amounts per person and per occurrence stated in the attached Declarations. The following conditions apply to these limits:
1. Bodily injury limits shown for any one person are for all legal damages, including care or loss of services, claimed by anyone for bodily injury to one person as a result of one occurrence. Subject to this limit for any one person, the total limit of our liability shown for each occurrence is for all damages, including care or loss of services, due to bodily injury to two or more persons in any one occurrence.
2. Limits apply as stated in the attached Declarations. However, the insuring of more than one person or vehicle under the policy does not increase our Uninsured Motorists payment limits; in no event will any insured be entitled to more than the highest limit applicable to any one motor vehicle under this or any other policy issued by us.
This condition, as it applies to the insuring of more than one vehicle under this policy or the insuring of vehicles under other policies issued by us, does not apply to the extent the CT Page 12768 limits of liability do not exceed the limits equal to the minimum limits required by Section 38-175C of the Connecticut Insurance Law.
3. The limits of this coverage and/or any amounts payable under this coverage will be reduced by:
a) any amount paid by or for any liable parties.
 b) any sums paid or payable under any workers' compensation, disability benefits, or similar laws.
 c) any sums paid or payable under any Basic Reparations Benefits coverage. This includes any benefits that would have been paid or payable except for a deductible provision.
4. Any payment to or for the insured under this coverage will be reduced by any amount paid or payable under any auto Medical Payments coverage provided by endorsement to this policy.
5. Any payment under this coverage to or for an insured will reduce the amount of damages the insured may be entitled to recover under the Bodily Injury Liability coverage of this policy.
6. No payment will be made until the limits of all other liability insurance and bonds that apply have been exhausted by payments.
OTHER INSURANCE. If you have other insurance:
1. for bodily injury suffered by an insured while occupying a motor vehicle you do not own, we will pay the insured loss not covered by other insurance. However, this insurance will apply only in the amount by which the limit of liability for coverage exceeds the applicable limit of liability of the other insurance.
2. except as stated in the preceding paragraph, in any occurrence in which other insurance similar to that provided in this coverage is available under a policy issued by another company, we will be liable for only our proportional share of the loss. This share will be determined by our proportion of CT Page 12769 the total insurance available. Total damages in any such occurrence will be considered not to exceed the highest limits available in any one of all policies applicable.
3. The provisions stated in 1 and 2 above only apply to limits in excess of the limits required by Section 38-175C of the Connecticut Insurance Law.
GENERAL POLICY CONDITIONS[6]
General Policy Conditions 1, 2 6 and 7 are replaced to read:
1. INSURED PERSONS' DUTIES . . .
2. UNAUTHORIZED USE OF OTHER MOTOR VEHICLES . . .
6. RENEWAL . . .
7. CANCELLATION DURING POLICY PERIOD . . .
None of those general policy conditions replacements in the endorsement replace paragraph 9 of the policy.
The issue presented is whether the plaintiff filed her claim for arbitration of her UM claim in a timely manner.
Law
The court will decide this matter de novo under AmericanUniversal Insurance Co. v. DelGreco, 205 Conn. 178.
The policy requires that the arbitrators "begin within the time limit allowed for bodily injury or death actions in the state where the accident occurred." The court reads that to mean that a demand for arbitration must be made within that period. Vail v. American Way Homes. Inc., 181 Conn. 449, 451.
The accident occurred in Connecticut and thus the time limit is two years. § C.G.S. § 52-584. That time constraint may have been extended to three years by our statute, C.G.S. § 38a-336. See also, Aetna Life and Casualty Co. v. Braccidiferro,34 Conn. App. 833 (Petitions for cert. to Supreme Court pending).
General policy condition 9 was never replaced. CT Page 12770
The endorsement did replace certain coverage features of the UM section of the policy. In this policy, with this endorsement, the time limitation was never part of UM coverage. In this regard the plaintiff refers the court toCanata v. Nationwide Mutual, 3 Conn. L. Rptr. 27 (1990) for the idea that time limits are "legally considered to be coverage." Our issue was not before the court in Canata.
The accident occurred on September 7, 1989. The earliest possible time it could be found that a demand for arbitration was made to defendant was November 9, 1992, three years and two months after the accident.
The court finds no ambiguity in the parts of the policy and endorsement relevant to our inquiry. She failed to comply with the policy terms.
Application to vacate is denied.
Application to confirm is granted.
N. O'NEILL, J.