WILLIAM VAIL v. AMERICAN WAY HOMES, INC.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued June 6—decision released July 1, 1980

*Eddie Z. Zyko,* for the appellant (defendant).

*Gene S. Manheim,* for the appellee (plaintiff).

PER CURIAM. The sole issue on this appeal is the enforceability of an arbitration award ordering specific performance of a construction contract for a private dwelling. The arbitrators rendered their written award in favor of the plaintiff, William Vail, on July 23, 1979, pursuant to a demand for arbitration that he had earlier filed. On August 2, 1979, the defendant, American Way Homes, Inc., was duly notified of the award. When the defendant took no action in response to this notification, the plaintiff on September 6, 1979, more than thirty days after the notification, applied for an order that his award be confirmed. The trial court, *Melville, J.,* after a hearing, confirmed the award and this appeal ensued.

The dispute before the arbitrators arose out of a written contract between the parties dated October 14, 1977. In that contract the defendant promised to construct a house and, upon its completion, to convey title to the underlying land and the house to the plaintiff. The contract contained a broad arbitration clause, providing: "Any and all disputes and controversies of every kind and nature between Buyer and Seller arising out of or in connection with this Agreement or related to any aspect thereof shall be submitted to arbitration in accordance with the rules then obtaining of the American Arbitration Association."

The defendant does not dispute the breadth of this arbitration clause. He argues instead that the award is unenforceable because it was not entered

on the land records and hence violates General Statutes § 47-28. That statute requires recordation of any arbitral award "purporting to decide the title to real estate."[1] The trial court held that § 47-28 had no application to the case before us, even though the arbitrators awarded specific performance of the contract to the plaintiff. We agree.

The process which governs the confirmation of arbitral awards is well settled by our cases. If the parties have agreed in the underlying contract that their disputes shall be resolved by arbitration, the arbitration clause in the contract is a written submission to arbitration. *Gores* v. *Rosenthal,* 150 Conn. 554, 557, 192 A.2d 210 (1963); *Batter Building Materials Co.* v. *Kirschner,* 142 Conn. 1, 9, 110 A.2d 464 (1954). This submission can be invoked by a demand for arbitration by one or both parties when a dispute arises. The agreement for submission constitutes the charter for the entire ensuing arbitration proceedings. *Malecki* v. *Burnham,* 181 Conn. 211, 213, 435 A.2d 13 (1980); *Ramos Iron Works, Inc.* v. *Franklin Construction Co.,* 174 Conn. 583, 587, 392 A.2d 461 (1978); *Connecticut Union of Telephone Workers* v. *Southern New England Telephone Co.,* 148 Conn. 192, 197, 169 A.2d 646 (1961); *Amalgamated Assn.* v. *Connecticut Co.,* 142 Conn. 186, 191, 112 A.2d 501 (1955).

---

[1] General Statutes § 47-28 provides: "ADMISSIBILITY OF AWARD OF ARBITRATORS AS EVIDENCE. No award of arbitrators, made since May 20, 1841, purporting to decide the title to real estate, shall be admissible as evidence thereof, unless the submission of the parties to such arbitration is executed, attested and acknowledged as deeds of lands, nor unless such award is in writing and under the hands and seals of the arbitrators; and such submission and award shall not be effectual against any persons but the parties to the same and their heirs, unless recorded by the town clerk of the town where such estate is situated."

The award of specific performance in this case, on its face, falls squarely within the terms of the arbitration clause to which the defendant agreed. Had the defendant wished to challenge the arbitrators' award as exceeding the powers conferred upon them by the contract, he could have asked that the award be vacated under General Statutes § 52-418 (d).[2] The defendant concededly failed to do so within the thirty-day period stipulated by General Statutes § 52-420 for such an application.[3] The arbitral award was, therefore, properly con-

[2] General Statutes § 52-418 provides in relevant part: "VACATING AWARD. In any of the following cases the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when said court is not in session, any judge thereof, shall make an order vacating the award upon the application of any party to the arbitration . . . (d) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

Section 52-419 of the General Statutes provides: "CORRECTION OF AWARD. For any of the following causes the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated, or, when said court is not in session, any judge thereof, shall make an order modifying or correcting the award upon the application of any party to the arbitration: (a) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (b) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; (c) if the award is imperfect in matter of form not affecting the merits of the controversy. The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

[3] General Statutes § 52-420 provides in pertinent part: "MOTION TO CONFIRM, VACATE OR MODIFY AWARD. . . . No such motion to vacate, modify or correct an award shall be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."

firmed by the trial court, pursuant to General Statutes § 52-417,[4] since the defendant, the party attacking the award, failed to establish its invalidity. *Malecki* v. *Burnham,* supra, 214; *Von Langendorff* v. *Riordan,* 147 Conn. 524, 527, 163 A.2d 100 (1960).

Upon confirmation of the award, the order of specific performance will have to be entered upon the land records to affect legal title and to bind innocent third persons.[5] The arbitral award itself does not resolve a dispute about title to real estate. As in the case of an arbitral award concerning the

---

[4] General Statutes § 52-417 provides: "APPLICATION FOR ORDER CONFIRMING AWARD. At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when said court is not in session, to any judge thereof, for an order confirming the award. The court or judge shall grant such order unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[5] General Statutes § 47-33b, the definitional section of Connecticut's Marketable Title Act, provides in pertinent part: "MARKETABLE RECORD TITLE. DEFINITIONS. As used in sections 47-33b to 47-33*l*, inclusive: . . . (f) 'Title transaction' means any transaction affecting title to any interest in land, including, but not limited to, title by will or descent, by public sale, by trustee's, referee's, guardian's, executor's, administrator's, conservator's or committee deed, by warranty or quitclaim deed, by mortgage or *by decree of any court.*" (Emphasis added.)

By contrast General Statutes § 47-17 provides, permissively: "RECORDS OF DOCUMENTS AS NOTICE OF EQUITABLE RIGHTS. An unacknowledged deed, and any instrument intended as a conveyance of land, but which by reason of a formal defect operates only as a conveyance of an equitable interest in such land, and any contract for the conveyance of land, or of any interest therein, and any instrument by which an equitable interest in land is created, in which such land is particularly described, *may be recorded* in the records of the town in which such land is situated; and such record shall be notice to all the world of the equitable interest thus created." (Emphasis added.)

location of a boundary line; see *Smith* v. *Seitz*, 87 Conn. 678, 683–84, 89 A. 257 (1914); § 47-28 is inapplicable.

There is no error.