KO SHU MEI WU ET AL. *v.* CHUNG-MING CHANG
(SC 16751)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued September 13, 2002—officially released June 10, 2003

*F. Timothy McNamara,* for the appellant (defendant).

*John B. Nolan,* for the appellee (named plaintiff).

*Ingrid L. Moll,* with whom was *Charles D. Ray* and, on the brief, *William H. Bright, Jr.,* for the appellee (plaintiff Paul Yeh).

*Opinion*

PALMER, J. The sole issue raised by this appeal is whether a claim of fraud tolls the thirty day period within which a motion to vacate an arbitration award must be filed pursuant to General Statutes § 52-420 (b).[1] We conclude that the trial court properly determined that a claim of fraud does not toll that thirty day period and, accordingly, we affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. In 1990, the defendant, Chung-Ming Chang, and the plaintiffs, Ko Shu Mei Wu and Paul Yeh, established four Connecticut companies that served as vehicles for their investments in hotel and condominium properties in the state. The operations of the companies resulted in financial losses, which led to disputes among the parties. In April, 1998, Chang commenced a civil action against Yeh alleging, inter alia, improprieties in Yeh's management of the companies. Chang subsequently named Wu as an additional defendant. Because of the complex nature of the dispute, the court suggested, and the parties agreed to, mediation, which ultimately proved unsuccessful. Thereafter, the

---

[1] General Statutes § 52-420 (b) provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."

parties agreed to sell the assets of the companies and to have the parties' respective share of the proceeds "fully and finally resolved through binding, [nonappealable] arbitration" by a sole arbitrator. In February, 2001, an arbitration hearing was conducted over the course of several days, at which the parties presented evidence and cross-examined each other's witnesses.

On April 6, 2001, the arbitrator issued a written arbitration award. Although both sides had claimed that they were entitled to a greater share of the respective allotment of the assets owing to the allegedly improper conduct of the opposing side, the arbitrator rejected those claims because, according to the arbitrator, there existed a "substantial basis for criticism of both the commercial conduct and the credibility of all the [p]arties . . . ." Accordingly, the arbitrator determined that the parties' respective shares of the proceeds should be equal to each party's capital contribution.[2] The arbitrator sent the parties notification of the award on or about April 6, 2001, the day that the award was issued.

On June 20, 2001, Wu and Yeh filed with the Superior Court a joint application to confirm the arbitration award pursuant to General Statutes § 52-417.[3] The trial court thereafter held a hearing on the application, at which Chang objected to the confirmation of the award, claiming that he had discovered evidence indicating that Yeh had defrauded him. Chang also requested an opportunity to present this evidence in support of his claim of fraud. Treating Chang's objection to the confir-

---

[2] The arbitrator determined that Chang, Wu and Yeh each were entitled to 32.5, 40 and 27.5 percent, respectively, of the net assets.

[3] General Statutes § 52-417 provides in relevant part: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

mation of the arbitration award as a motion to vacate the award under § 52-420,[4] the trial court rejected Chang's request to introduce evidence and denied his motion to vacate. The court concluded that it lacked subject matter jurisdiction over the motion inasmuch as the motion was not made within the thirty day limitation period set forth in § 52-420 (b). The court then rendered judgment confirming the award in accordance with § 52-417. This appeal[5] followed.

On appeal, Chang challenges the trial court's denial of his motion to vacate. Specifically, he contends that the thirty day limitation period set forth in § 52-420 (b) was tolled by his claim of fraud and, consequently, the trial court improperly concluded that it lacked jurisdiction to entertain his motion to vacate. We disagree.

Chang's claim raises an issue of statutory construction over which our review is plenary. E.g., *Hammond v. Commissioner of Correction*, 259 Conn. 855, 861, 792 A.2d 774 (2002). "The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the . . . legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Wallingford v. Dept. of Public Health*, 262 Conn. 758, 773, 817 A.2d 644 (2003).

[4] Chang does not challenge on appeal the trial court's treatment of his objection to the confirmation of the arbitration award as a motion to vacate.

[5] Chang appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

As with all issues of statutory construction, we begin with the pertinent statutory language. General Statutes § 52-417 provides, inter alia, that, within one year after an arbitration award has been rendered, any party to the arbitration may apply for an order confirming the award, and that the court shall grant the order unless the award is vacated on any ground enumerated in General Statutes § 52-418.[6] Thus, § 52-417 limits a court's authority to vacate an arbitration award unless an application[7] to vacate that award has been made in accordance with § 52-418.[8] See, e.g., *Von Langendorff*

[6] General Statutes § 52-418 provides in relevant part: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. . . ."

Section 52-417 also provides that the court may decline to confirm an arbitration award if the award is modified or corrected in accordance with General Statutes § 52-419. See footnote 3 of this opinion. Because the court properly treated Chang's objection to the confirmation of the arbitration award as an application to vacate the award pursuant to § 52-418; see footnote 4 of this opinion; the provisions of § 52-419 are inapplicable to the present case.

[7] In most instances, the application to vacate the award will be in the form of a motion to vacate. See General Statutes § 52-420 (a) ("[a]ny application under section 52-417, 52-418 or 52-419 shall be heard in the manner provided by law for hearing written motions . . . or otherwise as the court or judge may direct").

[8] "[W]e also [have] recognized two narrow common-law bases, as opposed to statutory bases under General Statutes § 52-418, for vacating an award . . . (1) the award rules on the constitutionality of a statute; and (2) the award violates clear public policy." *Groton* v. *United Steelworkers of America*, 254 Conn. 35, 44–45, 757 A.2d 501 (2000). The court's power to vacate an arbitration award on these two common-law grounds exists independent of any specific statutory authority. *Garrity* v. *McCaskey*, 223

v. *Riordan*, 147 Conn. 524, 528–29, 163 A.2d 100 (1960); *Amalgamated Transit Union Local 1588* v. *Laidlaw Transit, Inc.*, 33 Conn. App. 1, 4, 632 A.2d 713 (1993).

"Section 52-420 (b) requires that a motion to vacate an arbitration award be filed within thirty days of the notice of the award to the moving party. If the motion is not filed within the thirty day time limit, the trial court does not have subject matter jurisdiction over the motion. *Vail* v. *American Way Homes, Inc.*, 181 Conn. 449, 452–53, 435 A.2d 993 (1980)." *Middlesex Ins. Co.* v. *Castellano*, 225 Conn. 339, 344, 623 A.2d 55 (1993); see General Statutes § 52-420 (b). Because it is uncontested that Chang did not move or otherwise file an application to vacate the arbitration award within the thirty day limitation period of § 52-420 (b), the trial court granted the timely filed application of Wu and Yeh to confirm the award.

Chang contends that his claim of fraud abrogates the statutorily mandated thirty day period within which a party to an arbitration proceeding must move to vacate an award, and, therefore, the trial court improperly concluded that it lacked subject matter jurisdiction over his motion to vacate the award. As authority for this contention, Chang relies solely on the equitable common-law principle that "[f]raud vitiates all contracts, written or verbal and sealed or unsealed." (Internal quotation marks omitted.) *Pacelli Bros. Transportation, Inc.* v. *Pacelli*, 189 Conn. 401, 409, 456 A.2d 325 (1983).

Although we do not dispute this general principle, Chang's claim is flawed. Chapter 909 of the General Statutes, "General Statutes §§ 52-408 through 52-424, controls arbitration in this state whe[n] the common law is inconsistent with our statutory scheme." *Bennett*

Conn. 1, 6, 612 A.2d 742 (1992). Neither common-law ground is applicable, however, to the present case.

v. *Meader*, 208 Conn. 352, 355, 545 A.2d 553 (1988). "The statutory arbitration scheme encompasses many aspects of the arbitration process . . . . Thus, it is evident that the legislature's purpose in enacting the statutory scheme was to displace many [common-law] rules." (Citations omitted.) Id., 358. The statutory framework governing the arbitration process expressly covers claims of fraud. Specifically, General Statutes § 52-418 (a) requires a court to "make an order vacating [an arbitration] award if it finds . . . [that] the award has been procured by corruption, *fraud* or undue means . . . ." (Emphasis added.) Under § 52-420 (b), however, a party seeking an order to vacate an arbitration award on grounds of corruption, fraud or undue means—or on any other ground set forth in § 52-418—must do so within the thirty day limitation period set forth in § 52-420 (b). In other words, once the thirty day limitation period of § 52-420 (b) has passed, "the award may not thereafter be attacked on any of the grounds specified in . . . § 52-418"; *Amalgamated Transit Union Local 1588* v. *Laidlaw Transit, Inc.*, supra, 33 Conn. App. 4; including fraud. To conclude otherwise would be contrary not only to the clear intent of the legislature as expressed in §§ 52-417, 52-418 and 52-420 (b), but also to a primary goal of arbitration, namely, the efficient, economical and expeditious resolution of private disputes. See, e.g., *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 258 Conn. 101, 110, 779 A.2d 737 (2001); *Rocky Hill Teachers' Assn.* v. *Board of Education*, 72 Conn. App. 274, 279, 804 A.2d 999, cert. denied, 262 Conn. 907, 810 A.2d 272 (2002).

Wu and Yeh filed a timely application to confirm the arbitration award pursuant to § 52-417. Although Chang had the right under § 52-418 to seek to have the award vacated on the basis of fraud, he failed to do so within the thirty day limitation period prescribed by § 52-420 (b). Thus, the trial court properly concluded that it

lacked subject matter jurisdiction over Chang's motion to vacate the award and properly granted the motion of Wu and Yeh to confirm the award.

The judgment is affirmed.

In this opinion the other justices concurred.