THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY *v.*
MARC KRAVITZ
(AC 32004)

DiPentima, C. J., and Lavine and Peters, Js.

Argued April 11—officially released May 31, 2011

*Jan A. Marcus*, for the appellant (defendant).

*John B. Farley*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Marc Kravitz, appeals from the judgment of the trial court rendered in favor of the plaintiff, Travelers Home and Marine Insurance Company. On appeal, the defendant claims that the court improperly confirmed an arbitration award and dismissed his motion to vacate the award without holding an evidentiary hearing. We conclude that the trial court properly determined that it lacked subject matter jurisdiction, pursuant to General Statutes § 52-420 (b), to consider the merits of the defendant's motion to vacate. Accordingly, we affirm the judgment of the trial court.

On December 3, 2009, the plaintiff, pursuant to General Statutes § 52-417, filed an application for an order to confirm an appraisal award[1] dated September 17, 2009, against the defendant. The defendant's property had sustained damage which was covered by a homeowner's insurance policy issued by the plaintiff. The parties disagreed on the amount needed to repair the damages. The terms of the insurance policy provided: "If [the parties] fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. . . . The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss."

Pursuant to the policy, two appraisers and an umpire were selected. The defendant's appraiser, Christopher

---

[1] Under these facts, the specific type of arbitration award is known as an appraisal award.

Frattaroli, estimated that the cost of doing the necessary repairs exceeded $100,000. The plaintiff's appraiser, Vincent Salierno, provided an estimate of approximately $35,000. The umpire chosen by the two appraisers, Angelo Mustich, found the cost of repairs to be $38,331.63. Salierno agreed with Mustich, and the amount of the defendant's loss was set at that amount. On October 26, 2009, the defendant was notified of the appraisal award.

On January 25, 2010, the defendant filed an opposition to the plaintiff's application to confirm the appraisal award, as well as a motion to vacate. Attached to the defendant's opposition was an affidavit from Frattaroli, in which he stated that, after the appraisals had been completed, he saw Salierno and Mustich talking by themselves on the shoulder of I-95, with both of their cars pulled off to the side of the highway. Frattaroli conceded that he had no knowledge of the topic of this conversation.

On February 3, 2010, the court overruled the defendant's objection to the plaintiff's application to confirm the arbitration award. The court denied the motion to vacate the award as untimely and, for this reason, did not consider the merits of the defendant's objection or motion to vacate. The court granted the plaintiff's application and rendered judgment accordingly. This appeal followed.

Section 52-420 (b) provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." It is well established that if such a motion is not filed within thirty days, the trial court lacks subject matter jurisdiction over such motion. *Wu* v. *Chang*, 264 Conn. 307, 312, 823 A.2d 1197 (2003); *Middlesex Ins. Co.* v. *Castellano*, 225 Conn. 339, 344, 623 A.2d 55 (1993); *Vail* v. *American*

*Way Homes, Inc.*, 181 Conn. 449, 452–53, 435 A.2d 993 (1980).

"As a threshold matter, we address our standard of review. We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut Independent Police Union, Local 14*, 285 Conn. 278, 286, 939 A.2d 561 (2008).

On appeal, the defendant claims that the trial court "should have conducted an evidentiary hearing after [he] made a prima facie showing of potential corruption in the [a]ppraisal process." Although he does not dispute that the motion to vacate was filed outside of the thirty day period, the defendant claims that, due to the unique circumstances of this case, an exception to § 52-420 (b) is warranted.

In *Wu* v. *Chang*, supra, 264 Conn. 312, our Supreme Court rejected the argument that a claim of fraud abrogated "the statutorily mandated thirty day period within which a party to an arbitration proceeding must move to vacate an award . . . ." As part of its rationale, the court noted the clear intent by the legislature to enact a specific arbitration statutory scheme. Id., 313. Any judicially created exception to the thirty day time period would run contrary to both the legislative intent, as well as the "efficient, economical and expeditious resolution of private disputes." Id. We disagree with the

defendant's claim that an appearance of impropriety requires a departure from the controlling precedent set by our Supreme Court. We do note, however, that there is no evidence regarding the content of the discussion between Salierno and Mustich.

The defendant also argues that public policy, namely, ensuring the "absolute impartiality of arbitrators," supplies a basis to vacate the award. In *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut Independent Police Union, Local 14,* supra, 285 Conn. 278, our Supreme Court rejected this argument. The court first stated that it is not permitted to supply language to the statute, or to rewrite a statute to achieve a particular result. Id., 288–89. It also pointed to the "legislature's well established support of arbitration as a mechanism for the inexpensive and expedient resolution of private disputes." Id., 290. The court reiterated the importance of the thirty day time period of § 52-420 (b). Id., 291. "To conclude that the thirty day time limitation . . . does not apply to motions to vacate arbitration awards that are based on public policy grounds would be inconsistent with our recent decision in *Wu*, and would frustrate the legislative purpose of facilitating the expedient resolution of private disputes. Accordingly, we conclude that the thirty day filing period set forth by § 52-420 (b) applies to an application to vacate an arbitration award on the ground that it violates public policy." Id., 292.

In this case, the defendant does not dispute that he filed the motion to vacate outside of the statutorily mandated thirty day time frame. Pursuant to § 52-420 (b), and precedent from our Supreme Court, we conclude that the trial court properly determined that it lacked jurisdiction to conduct an evidentiary hearing.

The judgment is affirmed.