# A BETTER WAY WHOLESALE AUTOS, INC. *v.*
# JAMES SAINT PAUL ET AL.
## (SC 20386)

Robinson, C. J., and McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

*Syllabus*

The plaintiff, an automobile dealership, sought to vacate an arbitration award that was issued in favor of the defendants in connection with their purchase of a vehicle from the plaintiff. The parties had entered into a

---

[96] We note that, while this appeal was pending before this court, the United States Court of Appeals for the Second Circuit issued its decision in *Reynolds* v. *Quiros*, 990 F.3d 286 (2d Cir. 2021), which considered a variety of constitutional challenges to § 18-10b brought by Richard Reynolds, a former death row inmate who had been resentenced under that statute following this court's decision in *State* v. *Santiago*, supra, 318 Conn. 1. In *Reynolds*, the Second Circuit held that (1) § 18-10b is an unlawful bill of attainder in violation of article I, § 10, of the United States constitution, and (2) the risk classification imposed on Reynolds by the defendants, who are numerous officials of the department, violated his rights under the equal protection clause of the fourteenth amendment to the United States constitution because the defendants failed to establish a rational basis for why he was classified more strictly than similarly situated former death row inmates. See *Reynolds* v. *Quiros*, supra, 300, 301. The Second Circuit also held, however, that the United States District Court for the District of Connecticut had improperly granted Reynolds' motion for summary judgment with respect to his eighth amendment and due process claims by deciding genuine issues of material fact about whether his conditions of confinement, pursuant to § 18-10b, in the Special Circumstances Unit at Northern Correctional Institution were in fact "properly characterized as 'solitary confinement.' " Id., 294. We emphasize that our dismissal of the defendant's appeal with respect to his conditions of confinement claim is without prejudice to any facial or as applied challenges to § 18-10b that he may bring in a subsequent proceeding.

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

financing agreement that contained an arbitration clause providing, inter alia, that any arbitration between the parties would be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. After the arbitrator ruled in favor of the defendants, the plaintiff filed an application to vacate the arbitration award in the trial court. The defendants opposed the plaintiff's application to vacate, claiming that the court lacked subject matter jurisdiction because the plaintiff's application was untimely under the state statute (§ 52-420 (b)) that imposed a thirty day limitation period for applications to vacate an arbitration award. The court agreed and rendered judgment dismissing the plaintiff's application to vacate as untimely. The plaintiff appealed to the Appellate Court from the trial court's judgment, contending that its application to vacate was not untimely because the arbitration agreement specified that the Federal Arbitration Act would govern any arbitration between the parties and the limitation period for a motion to vacate an arbitration award under the applicable provision of that act (9 U.S.C. § 12) was three months. The Appellate Court affirmed the trial court's judgment, and the plaintiff, on the granting of certification, appealed to this court. *Held*:

1. The trial court properly dismissed the plaintiff's application to vacate an arbitration award as untimely under § 52-420 (b), and, accordingly, the Appellate Court properly affirmed the trial court's judgment: this court had repeatedly held that § 52-420 (b) unambiguously implicates a trial court's subject matter jurisdiction, and, therefore, the expiration of the limitation period in § 52-420 (b) deprives a trial court of subject matter jurisdiction over an application to vacate an arbitration award filed pursuant to that statute; moreover, the plaintiff's reliance on federal cases for the proposition that § 52-420 (b) is not necessarily jurisdictional was misplaced because those cases concerned the subject matter jurisdiction of federal courts with respect to certain federal statutes, not Connecticut courts with respect to § 52-420 (b); furthermore, because § 52-420 (b) implicates a trial court's subject matter jurisdiction, the private agreement between the parties could neither confer subject matter jurisdiction on the trial court nor cure the jurisdictional defect arising from the plaintiff's late filing.

2. The plaintiff could not prevail on its claims that § 52-420 (b) was preempted by the Federal Arbitration Act and that the trial court's dismissal of its application to vacate an arbitration award conflicted with the obligation imposed on state courts by a provision of that act (9 U.S.C. § 2) to enforce arbitration agreements: § 52-420 (b) did not stand as an obstacle to the accomplishment of the federal policy to enforce arbitration agreements, as both parties had postarbitration rights to seek judicial enforcement of the agreement to arbitrate under the Connecticut statutory scheme, and the plaintiff did not argue that the thirty day limitation period in § 52-420 (b) was prohibitively short such that a challenging party lacks a meaningful opportunity to seek to vacate an arbitration

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

award; moreover, the application of § 52-420 (b) to the plaintiff's application to vacate did not treat an arbitration agreement differently from any other contract, which was consistent with the purpose of the Federal Arbitration Act; furthermore, this court found persuasive a federal case that examined the relationship between § 52-420 (b) and the Federal Arbitration Act and found no conflict preemption, and the plaintiff's reliance on *Haywood* v. *Drown* (556 U.S. 729), a case in which the United States Supreme Court struck down a New York law that divested state courts of jurisdiction over actions brought against correction officers pursuant to federal statute (42 U.S.C. § 1983), was unavailing, as the relevant policy concern underlying the Federal Arbitration Act was significantly different from the policy concerns underlying 42 U.S.C. § 1983, and the challenged state law in *Haywood* also was distinguishable from § 52-420 (b).

Argued October 15, 2020—officially released April 15, 2021*

*Procedural History*

Application to vacate an arbitration award, brought to the Superior Court in the judicial district of Waterbury, where the defendants filed motions to confirm the award and for attorney's fees, and to dismiss the application to vacate the award; thereafter, the case was tried to the court, *M. Taylor, J.*; judgment dismissing the application to vacate and granting the motions to confirm and for attorney's fees, from which the plaintiff appealed to the Appellate Court, *DiPentima, C. J.*, and *Lavine, Keller, Elgo, Bright* and *Moll, Js.*, with *Sheldon* and *Lavery, Js.*, dissenting, which affirmed the trial court's judgment, and the plaintiff, on the granting of certification, appealed to this court. *Affirmed.*

*Kenneth A. Votre*, for the appellant (plaintiff).

*Richard F. Wareing*, with whom was *Daniel S. Blinn*, for the appellees (defendants).

*Opinion*

McDONALD, J. This certified appeal requires us to determine the statutory time limitation applicable to a

* April 15, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

motion to vacate an arbitration award brought in state court when review of the underlying arbitration is governed by the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., pursuant to a private arbitration agreement. This determination presents two issues. First, we consider whether the Connecticut thirty day time limitation applicable to a motion to vacate an arbitration award, General Statutes § 52-420 (b),[1] implicates the subject matter jurisdiction of our courts. Second, we consider whether this state's law is preempted by the FAA as a result of an actual conflict between the different time limitations contained in the two statutes.

The plaintiff, A Better Way Wholesale Autos, Inc., appeals from the judgment of the Appellate Court, which affirmed the trial court's judgment and concluded, among other things, that the plaintiff's application to vacate an arbitration award rendered in favor of the defendants, James Saint Paul and Julie J. Saint Paul, was untimely under § 52-420 (b). See *A Better Way Wholesale Autos, Inc.* v. *Saint Paul*, 192 Conn. App. 245, 247, 257, 217 A.3d 996 (2019) (en banc). On appeal, the plaintiff claims that the Appellate Court incorrectly concluded that its application to vacate the arbitration award was governed by the thirty day time limit set forth in § 52-420 (b) in contravention of a private agreement between the parties.

The Appellate Court's decision sets forth the facts and procedural history; id., 247–50; which we summarize in relevant part. In 2015, the defendants bought a motor

_____

[1] Throughout the opinion, we refer to both a "motion" to vacate an arbitration award and an "application" to vacate an arbitration award. The relevant statutes employ both terms in different provisions. Section 52-420 (b) sets a thirty day time limit for both an application to vacate filed by the party that lost in the underlying arbitration, as well as a motion or opposition filed by such party in response to the prevailing party's application to confirm the arbitration award. See *Wu* v. *Chang*, 264 Conn. 307, 309–11, 823 A.2d 1197 (2003). We employ both terms as appropriate for technical precision; however, there is no substantive distinction between them.

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

vehicle from the plaintiff, and the parties entered into an agreement to finance the purchase. The financing agreement contained an arbitration clause that provided, among other things, that any dispute arising from the defendants' purchase of the vehicle would be resolved by binding arbitration. The arbitration clause contained a choice of law provision, which provided in relevant part: "Any arbitration under this [a]rbitration [p]rovision shall be governed by the [FAA] . . . and not by any state law concerning arbitration. . . ." (Citation omitted.) The clause further provided in relevant part: "Any court having jurisdiction may enter judgment on the arbitrator's award. . . ."

Later that year, the defendants initiated an arbitration proceeding, claiming, among other things, that the plaintiff failed to disclose certain charges in violation of the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. On July 21, 2016, the arbitrator ruled in favor of the defendants with respect to the Truth in Lending Act claim and awarded damages, attorney's fees, and costs.

On August 26, 2016, the plaintiff filed an application to vacate the arbitration award in the Superior Court pursuant to the FAA, claiming that the arbitrator exceeded his powers. The defendants opposed the plaintiff's application to vacate on the ground that the trial court lacked subject matter jurisdiction. Specifically, the defendants argued that the plaintiff's application was untimely under § 52-420 (b), which imposes a thirty day limitation period to seek to vacate an arbitration award. The trial court agreed with the defendants and dismissed the plaintiff's application to vacate as untimely under § 52-420 (b). The plaintiff appealed from the trial court's judgment of dismissal to the Appellate Court. Specifically, the plaintiff argued that its application to vacate was not untimely because the arbitration

agreement specified that the FAA—and not any state law provision—would apply, and the limitation period for a motion to vacate an arbitration award under the FAA is three months. See 9 U.S.C. § 12 (2012).

A three judge panel of the Appellate Court heard oral argument. *A Better Way Wholesale Autos, Inc.* v. *Saint Paul*, supra, 192 Conn. App. 250 n.3. Thereafter, pursuant to Practice Book § 70-7 (b), the court, sua sponte, ordered reargument en banc. Id. The Appellate Court also ordered the parties to file supplemental briefs addressing, among other things, the applicability of that court's decision in *Doctor's Associates, Inc.* v. *Searl*, 179 Conn. App. 577, 180 A.3d 996 (2018), overruled in part by *A Better Way Wholesale Autos, Inc.* v. *Saint Paul*, 192 Conn. App. 245, 217 A.3d 996 (2019) (en banc). See *A Better Way Wholesale Autos, Inc.* v. *Saint Paul*, supra, 250 n.3. The Appellate Court subsequently affirmed the judgment of the trial court. Id., 265. Relevant to this appeal, it concluded that parties cannot, "*as a matter of law*, agree to have the FAA's three month limitation period set forth in 9 U.S.C. § 12 apply to a vacatur proceeding filed in Connecticut state court so as to supplant or override the thirty day limitation period in § 52-420 (b)." (Emphasis in original.) Id., 252. It reasoned that this court has repeatedly held that the thirty day limitation period in § 52-420 (b) is subject matter jurisdictional. Id., 255. It also noted that "parties cannot agree to confer subject matter jurisdiction on a court . . . [or] waive the lack of subject matter jurisdiction." Id., 257. Finally, the Appellate Court overruled *Doctor's Associates, Inc.*, "insofar as [that decision stood] for the proposition that, as a matter of contract interpretation, parties can agree to have" the FAA's three month limitation period supplant the thirty day limitation period prescribed by § 52-420 (b). Id., 260.

Two members of the en banc court dissented. The dissent conceded that the FAA did not preempt § 52-

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

420 (b); id., 269 (*Lavery, J.*, dissenting); but explained that it would nevertheless apply the three month limitation period to give effect to the FAA's bedrock principle of contractual freedom. See id., 268–69, 275 (*Lavery, J.*, dissenting). The dissent noted that "the parties agreed to be bound by the FAA in its entirety," including the time limitation period contained in 9 U.S.C. § 12. Id., 267 (*Lavery, J.*, dissenting). Finally, the dissent reasoned that the thirty day limitation period in § 52-420 (b) was not properly characterized as subject matter jurisdictional because it "could be considered an element necessary to establish a right, and, therefore, substantive in nature." Id., 272–73 (*Lavery, J.*, dissenting).

Thereafter, the plaintiff filed a petition for certification to appeal, which we granted, limited to the following issue: "Did the Appellate Court correctly conclude that parties to an arbitration agreement did not avoid Connecticut's thirty day statutory deadline for filing an application to vacate an arbitration award set forth in . . . § 52-420 (b) by including in their agreement a choice of law provision stating that any arbitration shall be governed by the [FAA] . . . which contains a three month deadline for filing a motion to vacate?" (Citation omitted.) *A Better Way Wholesale Autos, Inc.* v. *Saint Paul*, 333 Conn. 935, 218 A.3d 593 (2019).

On appeal, the plaintiff contends that the arbitration clause contained in the parties' financing agreement requires the application of the FAA in all respects, including its three month limitation period for filing a motion to vacate. See 9 U.S.C. § 12 (2012). Specifically, the plaintiff contends that we should reverse the judgment of the Appellate Court because § 52-420 (b) is not subject matter jurisdictional. The plaintiff also argues that, even if we were to conclude that § 52-420 (b) is subject matter jurisdictional, reversal is required because that statute is preempted by the FAA. The defendants disagree and contend that the Appellate

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

Court correctly determined that state law governs the timeliness question because § 52-420 (b) is subject matter jurisdictional. The defendants also argue that the FAA does not preempt § 52-420 (b).

As the Appellate Court noted, whether the plaintiff's application to vacate was untimely "depends on whether state or federal law controls the limitation period in which the plaintiff was required to file such application." *A Better Way Wholesale Autos*, *Inc.* v. *Saint Paul*, supra, 192 Conn. App. 252. This question is a legal one, as are the incorporated issues concerning the trial court's subject matter jurisdiction and federal preemption of a state statute. Therefore, our review is plenary. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . More-over . . . [s]ubject matter jurisdiction involves the authority of the court to adjudicate the type of contro-versy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Footnote omit-ted; internal quotation marks omitted.) *Bloomfield* v. *United Electrical*, *Radio & Machine Workers of America*, *Connecticut Independent Police Union*, *Local 14*, 285 Conn. 278, 286, 939 A.2d 561 (2008). Fur-thermore, "[j]urisdiction of the [subject matter] is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation marks omitted.) *Rayhall* v. *Akim Co.*, 263 Conn. 328, 339, 819 A.2d 803 (2003). In addition, the question of preemption "is a question of law and, therefore, our review is plenary." *Hackett* v. *J.L.G. Properties*, *LLC*, 285 Conn. 498, 503, 940 A.2d 769 (2008).

We begin with the plaintiff's contention that § 52-420 (b) is not subject matter jurisdictional. This question

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

requires an examination of the state law procedures governing a motion to vacate an arbitration award in state court. Section 52-420 (b) provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." We have explained that "[a] proceeding to vacate an arbitration award is not a civil action, but is rather a special statutory proceeding. . . . Section 52-420 (b) requires that a motion to vacate an arbitration award be filed within thirty days of the notice of the award to the moving party." (Citations omitted.) *Middlesex Ins. Co.* v. *Castellano*, 225 Conn. 339, 344, 623 A.2d 55 (1993).

We have repeatedly held that § 52-420 (b) unambiguously implicates a court's subject matter jurisdiction. For example, in *Middlesex Ins. Co.*, we stated: "If the [application to vacate the arbitration award] is not filed within the thirty day time limit, the trial court does not have subject matter jurisdiction over the [application]." Id., citing *Vail* v. *American Way Homes, Inc.*, 181 Conn. 449, 452–53, 435 A.2d 993 (1980). In addition, we have reasoned that the expiration of the limitation period deprives the trial court of subject matter jurisdiction over any ground to vacate the arbitration award, even if the ground to vacate is raised by way of an opposition to the prevailing party's timely filed application to confirm the arbitration award. See *Wu* v. *Chang*, 264 Conn. 307, 309–10, 313–14, 823 A.2d 1197 (2003). Most recently, we have held that a trial court lacked subject matter jurisdiction over an untimely motion to vacate when the substantive claim was based in common law rather than the statutory scheme governing arbitration; see *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut Independent Police Union, Local 14*, supra, 285 Conn. 279–80; because the "broad language [of § 52-420 (b)] plainly states that the [limitation] period applies regardless of the grounds for

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

the motion to vacate.'' Id., 287. Accordingly, there is an abundance of authority stating that a trial court lacks subject matter jurisdiction over a motion to vacate an arbitration award that is filed outside the thirty day time limit. See, e.g., id., 280, 284; *Wu* v. *Chang*, supra, 312; *Middlesex Ins. Co.* v. *Castellano*, supra, 225 Conn. 344; see also, e.g., *Vail* v. *American Way Homes*, *Inc.*, supra, 452–53; cf. *Middletown* v. *Police Local*, *No. 1361*, 187 Conn. 228, 231, 445 A.2d 322 (1982) (plaintiff invoked statutory jurisdiction of trial court when it filed application to vacate arbitration award). In this case, the plaintiff filed its application to vacate the arbitration award on August 26, 2016, more than thirty days after it received notice of the award on July 21, 2016. Therefore, the trial court lacked subject matter jurisdiction over the plaintiff's motion.

The plaintiff does not contend that we should overrule this line of cases stating that § 52-420 (b) is subject matter jurisdictional. Rather, the plaintiff asserts that § 52-420 (b) is not necessarily jurisdictional merely because it contains a time limitation. In support of this argument, the plaintiff relies on two cases from federal courts that interpreted federal statutes. In the first case, the United States Supreme Court evaluated the thirty day time period in the Equal Access to Justice Act, 28 U.S.C. § 2412 (d) (1) (B), that limits an application for attorney's fees when the applicant prevailed in an action against the government. *Scarborough* v. *Principi*, 541 U.S. 401, 405, 413, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004). The court held that this limitation period did not implicate the subject matter jurisdiction of the federal courts. Id., 414. In the second case, the United States District Court for the District of Columbia held that the three month limitation period on a motion to vacate an arbitration award contained in § 12 of the FAA was nonjurisdictional. *Equitas Disability Advocates*, *LLC* v. *Daley*, *Debofsky & Bryant*, *P.C.*, 177 F. Supp. 3d

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

197, 218 (D.D.C.), aff'd sub nom. *Equitas Disability Advocates*, *LLC* v. *Feigenbaum*, 672 Fed. Appx. 13 (D.C. Cir. 2016).

The plaintiff's reliance on these cases is unpersuasive. Both cases concerned the subject matter jurisdiction of federal courts with respect to certain federal statutes, not Connecticut state courts with respect to the particular statute at issue in this case, § 52-420 (b). Consequently, the nonjurisdictional nature of the limitation periods in those two federal statutes does not persuade us that the thirty day limitation period contained in § 52-420 (b) is likewise nonjurisdictional. Moreover, the plaintiff does not explain how either case counsels overruling this court's holdings in *Middlesex Ins. Co.*, *Wu*, and *Bloomfield* that § 52-420 (b) is subject matter jurisdictional.[2]

Necessarily following our conclusion that § 52-420 (b) implicates a trial court's subject matter jurisdiction, we likewise conclude that the choice of law provision contained in the parties' private agreement could neither enlarge the trial court's jurisdiction over the plaintiff's application nor waive the jurisdictional defect. "It is hornbook law that the parties cannot confer subject matter jurisdiction on a court by consent, waiver, silence or agreement." *Hayes* v. *Beresford*, 184 Conn. 558, 562, 440 A.2d 224 (1981). "A conclusion that a time

_____

[2] Additionally, the plaintiff repeats the suggestion raised by the dissent in the Appellate Court that the time limitation in § 52-420 (b) "*could be* considered an element necessary to establish a right, and, therefore, substantive in nature." (Emphasis added.) *A Better Way Wholesale Autos, Inc.* v. *Saint Paul*, supra, 192 Conn. App. 272–73 (*Lavery, J.*, dissenting). In support of this proposition, the plaintiff cites to *Baxter* v. *Sturm, Ruger & Co.*, 230 Conn. 335, 644 A.2d 1297 (1994), in which we considered whether an Oregon statute of repose was properly classified as substantive, and therefore subject matter jurisdictional, or procedural under Connecticut choice of law principles. See id., 338–39. However, the plaintiff does not articulate the consequence of this suggestion, the relevance of our choice of law holding in *Baxter*, or why the Appellate Court dissent's sparse language on this point counsels overruling our unequivocal holdings in *Middlesex Ins. Co.*, *Wu*, and *Bloomfield* that § 52-420 (b) is subject matter jurisdictional.

limit is subject matter jurisdictional has very serious and final consequences. It means that . . . a subject matter jurisdictional defect may not be waived . . . and that subject matter jurisdiction, if lacking, may not be conferred by the parties, explicitly or implicitly.'' (Citations omitted.) *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 266, 777 A.2d 645 (2001). Because the parties' private agreement could neither confer subject matter jurisdiction on the trial court nor cure the jurisdictional defect arising from the plaintiff's late filing, the trial court properly dismissed the plaintiff's application to vacate as untimely. In addition, the Appellate Court properly overruled *Doctor's Associates, Inc.*, ''insofar as [that decision stood] for the proposition that, as a matter of contract interpretation, parties can agree to have 'the procedure for moving to vacate an arbitration award [in Connecticut state court] governed by federal law.' '' *A Better Way Wholesale Autos, Inc.* v. *Saint Paul*, supra, 192 Conn. App. 260, quoting *Doctor's Associates, Inc.* v. *Searl*, supra, 179 Conn. App. 586.

Notwithstanding our conclusion that the trial court lacked subject matter jurisdiction over the plaintiff's application to vacate because it was untimely under § 52-420 (b), the plaintiff claims that this statutory provision is preempted by the FAA. Specifically, the plaintiff points to § 2 of the FAA, which provides in relevant part that a written agreement to arbitrate ''shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'' 9 U.S.C. § 2 (2012). The plaintiff argues that the trial court's dismissal of its application to vacate conflicted with the obligation imposed on state courts by § 2 of the FAA to enforce arbitration agreements.

''The question of preemption is one of federal law, arising under the supremacy clause of the United States constitution.'' (Internal quotation marks omitted.)

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

*Hackett* v. *J.L.G. Properties, LLC*, supra, 285 Conn. 504. The supremacy clause of the United States constitution provides in relevant part that federal law "shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., art. VI, cl. 2. The United States Supreme Court has recognized three forms of preemption that derive from the supremacy clause: express preemption, whereby a federal statute expressly states Congress' intent to preempt state law; field preemption, whereby a federal statute "so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the [s]tates to supplement it"; and conflict preemption, whereby state law actually conflicts with federal law. (Internal quotation marks omitted.) *Cipollone* v. *Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992).

The United States Supreme Court has stated that "[t]he FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Information Sciences, Inc.* v. *Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 477, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989). The plaintiff's argument therefore rests on conflict preemption. Under this form of preemption, "state law may nonetheless be pre-empted to the extent that it actually conflicts with federal law— that is, to the extent that it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." (Internal quotation marks omitted.) Id.; see also *Edgar* v. *MITE Corp.*, 457 U.S. 624, 631, 102 S. Ct. 2629, 73 L. Ed. 2d 269 (1982) ("[o]f course, a state statute is void to the extent that it actually conflicts with a valid federal statute . . . and [a] conflict will be found [when] compliance with both federal and state regulations is a physical impossibility

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

. . . or [when] the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'' (citation omitted; internal quotation marks omitted)).

A review of the purposes of the FAA informs our analysis of whether it preempts our state law as a result of an actual conflict between the statutes. Congress' primary purpose in enacting the FAA was ''to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate . . . and place such agreements [on] the same footing as other contracts . . . .'' (Citations omitted; internal quotation marks omitted.) *Volt Information Sciences, Inc.* v. *Board of Trustees of Leland Stanford Junior University*, supra, 489 U.S. 474. Section 2 of the FAA ''establishes an equal-treatment principle: A court may invalidate an arbitration agreement based on 'generally applicable contract defenses' like fraud or unconscionability, but not on legal rules that 'apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.' *AT&T Mobility, LLC* v. *Concepcion*, 563 U.S. 333, 339, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011). The FAA thus preempts any state rule discriminating on its face against arbitration . . . .'' *Kindred Nursing Centers Ltd. Partnership* v. *Clark*,      U.S.    , 137 S. Ct. 1421, 1426, 197 L. Ed. 2d 806 (2017). ''There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate.'' *Volt Information Sciences, Inc.* v. *Board of Trustees of Leland Stanford Junior University*, supra, 476.

Moreover, ''[a]s for jurisdiction over controversies touching arbitration, the [FAA] does nothing, being something of an anomaly in the field of [federal court] jurisdiction in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis.''

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

(Internal quotation marks omitted.) *Hall Street Associates, LLC* v. *Mattel, Inc.*, 552 U.S. 576, 581–82, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008). Therefore, "[g]iven the substantive supremacy of the FAA, but [its] nonjurisdictional cast, state courts have a prominent role to play as enforcers of agreements to arbitrate." *Vaden* v. *Discover Bank*, 556 U.S. 49, 59, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009).

We conclude that § 52-420 (b) does not stand as an obstacle to the accomplishment of the federal policy to enforce arbitration agreements.[3] Under the Connecticut statutory scheme, both parties have postarbitration rights to seek judicial enforcement of the agreement to arbitrate. General Statutes § 52-417 provides the prevailing party one year to seek confirmation of the award; § 52-420 (b) provides the challenging party thirty days to seek to vacate or modify the award. The plaintiff does not argue that thirty days is prohibitively short such that a challenging party lacks a meaningful opportunity to seek to vacate an arbitration award. Therefore, the thirty day time limitation contained in § 52-420 (b) does not interfere with the plaintiff's right to challenge the arbitration award and, in doing so, to enforce the arbitration agreement. Indeed, far from standing as an obstacle, the time limitation actually furthers the FAA's "national policy favoring arbitration with just the limited [judicial] review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall Street Associates, LLC* v. *Mattel, Inc.*, supra, 552 U.S. 588.

Moreover, consistent with the purpose of the FAA, application of § 52-420 (b) to the plaintiff's application

---

[3] The dissenting Appellate Court judges agreed with this conclusion: "I do not mean to say that the FAA preempts the General Statutes regarding arbitration. That would be contrary to clear United States Supreme Court precedent." *A Better Way Wholesale Autos, Inc.* v. *Saint Paul*, supra, 192 Conn. App. 269 (*Lavery, J.*, dissenting).

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

to vacate does not treat an arbitration agreement differently from any other contract. See *Volt Information Sciences, Inc.* v. *Board of Trustees of Leland Stanford Junior University*, supra, 489 U.S. 474 (purpose of FAA is to "place such agreements [on] the same footing as other contracts" (internal quotation marks omitted)). The well established rule that a jurisdictional defect may not be waived applies equally to a purported waiver arising during litigation and to a purported waiver contained in a private agreement. See *Hayes* v. *Beresford*, supra, 184 Conn. 562 ("[i]t is hornbook law that the parties cannot confer subject matter jurisdiction on a court by . . . agreement"). Therefore, the parties' contractual provision specifying that the FAA would govern the arbitration agreement could not serve to waive a subject matter jurisdictional defect in state court resulting from noncompliance with § 52-420 (b). In this way, § 52-420 (b) does not discriminate against arbitration agreements; rather, it equates them with certain contract actions brought in state court that are subject to jurisdictional limitation periods under state law.

In addition, we are persuaded by the United States Court of Appeals for the District of Columbia Circuit, which examined the relationship between § 52-420 (b) and the FAA and found no conflict preemption. See *Ekstrom* v. *Value Health, Inc.*, 68 F.3d 1391, 1393, 1396 (D.C. Cir. 1995). In that case, the parties' arbitration agreement specified that Connecticut law would govern any disputes, but the plaintiffs' petition to vacate was filed in the United States District Court for the District of Columbia outside the thirty day time limitation contained in § 52-420 (b).[4] Id., 1393. The District of Colum-

---

[4] The federal District Court in the District of Columbia had diversity jurisdiction over the action. See *Ekstrom* v. *Value Health, Inc.*, supra, 68 F.3d 1392–94. The District of Columbia Circuit concluded that the thirty day time limitation in § 52-420 (b), properly characterized as jurisdictional under Connecticut law, applied to the plaintiffs' petition to vacate pursuant to the arbitration agreement provision for Connecticut law. Id., 1395. This

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

bia Circuit rejected the plaintiffs' argument that the FAA preempted § 52-420 (b), reasoning that "Connecticut law surely does not conflict with the FAA's 'primary purpose.' " Id., 1396. Although the choice of law provision in *Ekstrom* provided that Connecticut law, and not federal law, governed the agreement, the court's preemption analysis applies with equal force here.

Our conclusion is also consistent with those of two other state supreme courts. The Supreme Court of Pennsylvania held that the FAA did not preempt a state statute that provided for a thirty day limitation period on a petition to vacate an arbitration award filed in state court. *Moscatiello* v. *J.J.B. Hilliard, W.L. Lyons, Inc.*, 595 Pa. 596, 603, 939 A.2d 325 (2007). The court reasoned that the state law time limitation "provide[s] for the enforcement of arbitration of contract and other disputes, [and, therefore] [it] foster[s] the federal policy favoring arbitration enforcement." Id. The court further reasoned that "[t]he FAA does not preempt the procedural rules governing arbitration in state courts, as that is beyond its reach." Id.

Similarly, the Supreme Court of Kentucky held that the FAA did not preempt state procedural law applicable to a motion to vacate an arbitration award filed in state court. *Atlantic Painting & Contracting, Inc.* v. *Nashville Bridge Co.*, 670 S.W.2d 841, 846 (Ky. 1984). The court reasoned that "[t]he [FAA] covers both substantive law *and* a procedure for federal courts to follow

conclusion is not inconsistent with our holding here: although the parties' arbitration agreement in the present case specified that federal law and not state law would govern, the plaintiff filed its application to vacate in state court, which is bound by § 52-420 (b) regardless of the governing substantive law. Together, *Ekstrom* and our holding here stand for the proposition that § 52-420 (b) applies to (1) an application to vacate an arbitration award brought under Connecticut state law in any court, and (2) an application to vacate an arbitration award brought under any law in a Connecticut state court. In addition, *Ekstrom* and our holding in the present case establish that in neither circumstance is § 52-420 (b) preempted by the FAA.

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

[when] a party to arbitration seeks to enforce or vacate an arbitration award in federal court. The procedural aspects are confined to federal cases.'' (Emphasis in original.) Id. These cases support our conclusion that a state law time limitation applicable to a motion to vacate an arbitration award brought in state court, such as that set forth in § 52-420 (b), does not stand as an obstacle to the accomplishment of any policy underlying the FAA.

The plaintiff argues that the United States Supreme Court's decision in *Haywood* v. *Drown*, 556 U.S. 729, 129 S. Ct. 2108, 173 L. Ed. 2d 920 (2009), supports its contention that the FAA preempts § 52-420 (b).[5] In that case, the court struck down a New York law that divested jurisdiction from state courts over actions brought against correction officers under 42 U.S.C. § 1983. Id., 731, 741–42. The court reasoned that a state court ''cannot employ a jurisdictional rule to dissociate [itself] from federal law because of disagreement with its content or a refusal to recognize the superior authority of its source.'' (Internal quotation marks omitted.) Id., 736. In other words, ''[a] jurisdictional rule cannot be used as a device to undermine federal law, no matter

[5] The plaintiff also argues that a case from the United States District Court for the District of Massachusetts supports its contention that the FAA preempts § 52-420 (b). In *Kiewit/Atkinson/Kenny* v. *International Brotherhood of Electrical Workers, Local 103, AFL-CIO*, 43 F. Supp. 2d 132, 133 (D. Mass. 1999) (*Kiewit*), the plaintiff brought an action to vacate an arbitration award in federal court under the FAA. The District Court, exercising diversity jurisdiction, rejected the defendant's argument that the timeliness of the action was governed by a thirty day limitation period contained in a substantively related state law. Id. The plaintiff in the present case argues that the FAA's three month time limitation should govern because, like in *Kiewit*, the plaintiff brought the application to vacate under the FAA. The plaintiff, however, disregards a crucial difference between *Kiewit* and the present case, namely, that the action to vacate in *Kiewit* was brought under federal law in *federal court*. The plaintiff here brought its application under federal law in *state court*. As a result, the plaintiff is required to comply with the jurisdictional requirements that bind the state court.

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

how evenhanded it may appear.'' Id., 739. The plaintiff argues that this principle applies with equal force here: Connecticut courts cannot employ § 52-420 (b), despite its subject matter jurisdictional nature, to decline to enforce the FAA and undermine attendant federal policy.

The plaintiff's reliance on *Haywood* is unpersuasive. The federal statute at issue in *Haywood*, 42 U.S.C. § 1983, ''create[d] a remedy for violations of federal rights committed by persons acting under color of state law.'' Id., 731. The relevant policy concern underlying the FAA—equal enforcement of private agreements to arbitrate legal disputes—is so different in kind from the policy concerns underlying § 1983 as to render *Haywood* inapposite. Indeed, as we previously noted, the FAA carries ''no federal policy favoring arbitration under a certain set of procedural rules . . . .'' *Volt Information Sciences, Inc.* v. *Board of Trustees of Leland Stanford Junior University*, supra, 489 U.S. 476.

In addition, the challenged state law in *Haywood* is also distinguishable from § 52-420 (b) because the New York law was ''effectively an immunity statute cloaked in jurisdictional garb,'' entirely divesting state courts of jurisdiction over certain actions. *Haywood* v. *Drown*, supra, 556 U.S. 742. In contrast, § 52-420 (b) contains a conventional jurisdictional time limitation, which effectively furthers both state and federal policy favoring finality of arbitration judgments. It does not prevent a party from challenging an arbitration award in state court; it merely limits a party's ability to challenge an arbitration award to thirty days, a period of time that is not prohibitively short. Section 52-420 (b) bears no resemblance to the state statute at issue in *Haywood*, and, therefore, it does not implicate analogous concerns. Indeed, the majority in that case expressly limited its holding to ''the unique scheme adopted by the [s]tate of New York'' in response to

A Better Way Wholesale Autos, Inc. *v.* Saint Paul

the dissent's concern that the case would be broadly applied to strike down all state jurisdictional rules. Id., 741.

In sum, we conclude that the thirty day limitation period set forth in § 52-420 (b) applies to the plaintiff's application to vacate.[6] It is undisputed that the plaintiff's application was filed more than thirty days after the plaintiff received notice of the arbitration award. Accordingly, the trial court properly dismissed the plaintiff's application to vacate as untimely under § 52-420 (b).

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[6] The parties disagree as to whether the plaintiff could have brought the application to vacate in federal court rather than in state court. As we discussed, it is undisputed that the FAA does not create subject matter jurisdiction in federal courts. Therefore, a federal court must have an independent basis of subject matter jurisdiction over an FAA claim. See, e.g., *Vaden* v. *Discover Bank*, supra, 556 U.S. 59; *Hall Street Associates, LLC* v. *Mattel, Inc.*, supra, 552 U.S. 581–82. An independent basis of jurisdiction may be established, among other ways, through (1) diversity of citizenship; see, e.g., *Equitas Disability Advocates, LLC* v. *Daley, Debofsky & Bryant, P.C.*, supra, 177 F. Supp. 3d 204; *Kiewit/Atkinson/Kenny* v. *International Brotherhood of Electrical Workers, Local 103, AFL-CIO*, 43 F. Supp. 2d 132, 135 (D. Mass. 1999); or (2) federal question jurisdiction over the underlying dispute pursuant to 28 U.S.C. § 1331. See, e.g., *Vaden* v. *Discover Bank*, supra, 59–60; see also, e.g., id., 62 (approving " 'look through' " approach to determine whether federal court has federal question jurisdiction under FAA). The plaintiff argues that state court was its only avenue to vacate the arbitration award because a federal court would not have had diversity jurisdiction. The defendants argue that the underlying dispute, which concerned the plaintiff's obligations under the federal Truth in Lending Act, would have supported federal question jurisdiction over the plaintiff's application to vacate had it been filed in federal court. We express no opinion on the question of whether a federal court could have exercised jurisdiction over the plaintiff's application.