******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# 7 GERMANTOWN ROAD, LLC, ET AL. *v.*
# CITY OF DANBURY
## (SC 21024)

Mullins, C. J., and McDonald, D'Auria,
Ecker and Dannehy, Js.

*Syllabus*

The defendant town appealed to this court, upon certification by the Chief Justice pursuant to statute (§ 52-265a) that a matter of substantial public interest was involved, from certain decisions issued by the trial court in the course of adjudicating the plaintiff property owners' tax appeals. The trial court had initially granted the defendant's motions to dismiss five of the six underlying tax appeals for the plaintiffs' failure to timely file appraisals of their respective properties with the court, as required by the relevant statute ((Rev. to 2023) § 12-117a (a) (2)). The trial court subsequently granted motions to open the judgments of dismissal and for reargument, and it denied the defendant's corrected motion to dismiss the sixth tax appeal. On appeal from the trial court's decisions granting the motions to open and denying the corrected motion to dismiss, the defendant claimed that the trial court lacked subject matter jurisdiction over the plaintiffs' tax appeals because the plaintiffs had failed to comply with the appraisal filing requirement set forth in § 12-117a (a) (2). *Held*:

The appeal was not rendered moot by the fact that the plaintiffs in the five dismissed appeals filed new tax appeals in the Superior Court pursuant to a recent amendment (P.A. 24-151, §114) to § 12-117a (a) (2) that allows certain taxpayers whose tax appeals were dismissed under certain circumstances to commence a new appeal subject to certain conditions.

The trial court did not lack subject matter jurisdiction over the underlying tax appeals due to the plaintiffs' failure to timely file their respective appraisals with the court in accordance with § 12-117a (a) (2).

The appraisal filing requirement did not implicate the plaintiffs' statutory standing to pursue their tax appeals, as the plaintiffs were the type of parties to which the statute was directed, and the plaintiffs' failure to timely file their appraisals by the statutory deadline did not otherwise divest the trial court of subject matter jurisdiction over the tax appeals, this court having concluded that the appraisal filing requirement in § 12-117a (a) (2) is not subject matter jurisdictional but, rather, is a mandatory requirement arising after the commencement of a tax appeal, with the time period for filing the appraisal subject to extension by the court for good cause.

Argued November 4, 2024—officially released January 28, 2025

*Procedural History*

Appeals from the decisions of the defendant's board of assessment appeals concerning the tax assessment on certain of the plaintiffs' real property, brought to the Superior Court in the judicial district of Danbury, where the court, *Shaban, J.*, granted the defendant's motions to dismiss in certain of the appeals and rendered judgments thereon; thereafter, the court, *Shaban, J.*, granted the motions of the named plaintiff et al. to open the judgments and for reargument; subsequently, the court, *Shaban, J.*, denied the defendant's motion to dismiss the appeal filed by Best Enterprises, LLC; thereafter, upon certification by the Chief Justice pursuant to General Statutes § 52-265a that a matter of substantial public interest was at issue, the defendant appealed to this court. *Affirmed.*

*Proloy K. Das*, with whom was *Ciarra J. Lofstrom*, for the appellant (defendant).

*Gary J. Greene*, for the appellees (named plaintiff et al.).

*Opinion*

DANNEHY, J. This joint public interest appeal, which stems from six individual tax appeals filed in the Superior Court, requires us to determine whether a property owner's failure to timely file an appraisal in accordance with General Statutes (Rev. to 2023) § 12-117a (a) (2), in a tax appeal involving real property assessed at one million dollars or more, implicates the Superior Court's subject matter jurisdiction over the tax appeal. We conclude that the appraisal filing requirement in General Statutes (Rev. to 2023) § 12-117a (a) (2) is not jurisdictional in nature and, accordingly, affirm the judgments of the Superior Court.

The following background is relevant to the defendant's claim. The plaintiffs,[1] each owners of properties

---

[1] There are seven plaintiffs in the present appeal: 7 Germantown Road, LLC; Richard J. Ramey, LLC; BDN Property, LLC; Big Sky Properties, LLC;

located in the defendant city of Danbury that had been assessed at more than one million dollars, appealed to the defendant's board of assessment appeals (board). The board denied the appeals, and the plaintiffs appealed from the decisions of the board to the Superior Court pursuant to General Statutes (Rev. to 2023) §§ 12-117a and 12-119 on May 19, 2023. The plaintiffs' tax appeals in the Superior Court challenged the tax assessments on their respective properties. The law states that an applicant bringing a tax appeal in the Superior Court involving real property with an assessed value of one million dollars or more "shall file with the court, not later than one hundred twenty days after making such application, an appraisal of the real property that is the subject of the application. Such appraisal shall be completed by an individual or a company licensed to perform real estate appraisals in the state. The court may extend the one-hundred-twenty-day period for good cause. If such appraisal is not timely filed, the court may dismiss the application." General Statutes (Rev. to 2023) § 12-117a (a) (2).

On August 8, 2023, before the 120 day appraisal filing deadline had passed, the plaintiffs filed motions to modify the filing deadlines in their respective appeals, requesting that the court extend the time within which to file

H D Danbury, LLC; Stetson Development Corporation; and Best Enterprise, LLC. They are the plaintiffs in the six underlying tax appeals brought in the Superior Court, from which this joint public interest appeal stems. The relevant dockets are *7 Germantown Road*, *LLC* v. *Danbury*, Superior Court, judicial district of Danbury, Docket No. DBD-CV-23-6046282-S; *BDN Property*, *LLC* v. *Danbury*, Superior Court, judicial district of Danbury, Docket No. DBD-CV-23-6046285-S; *Big Sky Properties*, *LLC* v. *Danbury*, Superior Court, judicial district of Danbury, Docket No. DBD-CV-23-6046287-S; *H D Danbury*, *LLC* v. *Danbury*, Superior Court, judicial district of Danbury, Docket No. DBD-CV-23-6046280-S; *Stetson Development Corp.* v. *Danbury*, Superior Court, judicial district of Danbury, Docket No. DBD-CV-23-6046284-S; *Best Enterprises*, *LLC* v. *Danbury*, Superior Court, judicial district of Danbury, Docket No. DBD-CV-23-6046290-S. There are two plaintiffs in the BDN Property, LLC action: BDN Property, LLC, and Richard J. Ramey, LLC.

the required appraisal until 120 days after a preliminary pretrial was conducted between the parties. Alternatively, the plaintiffs requested that they be given an additional 135 days to file their appraisals because the appraiser that they had retained required additional time to complete the number of appraisals needed and because there were a limited number of appraisers in Connecticut at that time. The court found that there was good cause to extend the deadline in each case but determined that a sixty day extension was more appropriate.

On November 15, 2023, the plaintiffs, with the exception of BDN Property, LLC, and Richard J. Ramey, LLC, filed expert disclosures with the court indicating that the appraiser that they had retained would testify as to the fair market values of their respective properties. Those plaintiffs did not file their appraisals with the Superior Court at that time, but each did send their respective appraisal to the defendant's counsel. BDN Property, LLC, and Richard J. Ramey, LLC, which had received an additional thirty day extension to file their appraisal, sent the defendant their appraisal on December 19, 2023, the same date they filed an expert disclosure with the court. They also did not initially file their appraisal with the court.

On December 15, 2023, the defendant filed a motion to dismiss in each of the six actions, arguing that the plaintiffs lacked statutory standing because they had each failed to timely file an independent appraisal with the court, as required by General Statutes (Rev. to 2023) § 12-117a (a) (2).[2] The plaintiffs filed oppositions to the

---

[2] The December 15, 2023 motions to dismiss were renewed motions to dismiss. The defendant had previously filed motions to dismiss in each of the actions before the 120 day filing deadline had passed, arguing that the plaintiffs lacked statutory standing because they had yet to file their appraisals under the statute. The court, however, did not act on those motions before the defendant filed its renewed motions.

motions to dismiss in which they argued that, contrary to the defendant's contention that they lacked statutory standing until the time they filed their appraisals, each had standing at the time their respective appeals to the Superior Court were filed. They each further argued that, because an expert disclosure had been filed with the court and the defendant's counsel was given a copy of the appraisal, there had been no prejudice to the defendant. Accordingly, the plaintiffs argued that the matters should be tried on the merits and not dismissed on an alleged procedural error.

On March 12, 2024, the court granted the defendant's motions to dismiss in five of the six appeals—the 7 Germantown Road, LLC appeal, the BDN Property, LLC appeal, the Big Sky Properties, LLC appeal, the H D Danbury, LLC appeal, and the Stetson Development Corporation appeal—concluding that it lacked subject matter jurisdiction over those appeals because the plaintiffs in those actions failed to file their appraisals with the court by the November 15, 2023 extended deadline. Notwithstanding the court's conclusion that it lacked jurisdiction, the court further stated that, because those plaintiffs were granted an extension to file their appraisals, and because they failed to file their appraisals with the court by the extended deadline, the court "exercise[d] its discretion" to dismiss the actions pursuant to General Statutes (Rev. to 2023) § 12-117a (a) (2). The court, however, denied the defendant's motion to dismiss the Best Enterprises, LLC action, because the motion to dismiss, although captioned properly, referred to an incorrect plaintiff throughout the motion. As a result, on March 19, 2024, the defendant filed a corrected motion to dismiss the Best Enterprises, LLC action. The court did not immediately act on this motion.

On or about April 1, 2024, the plaintiffs in the five dismissed actions each filed their respective appraisals with the court, in addition to filing motions to open

the judgments of dismissal and for reargument. Those plaintiffs argued, inter alia, that the court incorrectly suggested that it lost jurisdiction over the appeals because they did not file their appraisals by the filing deadline, and that the court's dismissals of the appeals conflicted with the Superior Court's recent decision in *America Petroleum Realty, LLC* v. *Danbury*, Superior Court, judicial district of Danbury, Docket No. DBD-CV-23-6046185-S (November 21, 2023), in which the court declined to dismiss a property owner's appeal under circumstances substantially similar to those in the plaintiffs' cases.

On June 12, 2024, the court granted the motions to open the judgments of dismissal and for reargument, explaining that, in two other matters with essentially identical facts, the Superior Court had denied the defendants' motions to dismiss. The court in those matters found that the defendants had not been prejudiced and that there was a preference to hear the matters on their merits rather than deciding them on procedural grounds. See *America Petroleum Realty, LLC* v. *Danbury*, supra, Superior Court, Docket No. DBD-CV-23-6046185-S; *Danbury Gas Realty, LLC* v. *Danbury*, Superior Court, judicial district of Danbury, Docket No. DBD-CV-23-6046184-S (November 21, 2023). The court explained that the dismissals in the five appeals were inconsistent with the reasoning of those two prior decisions and concluded that the interests of justice warranted reopening the judgments of dismissal. The court made clear, however, that, should future matters with similar facts come before it, it would retain the discretion to dismiss those matters, especially because potential parties have been made aware that the appraisals must be filed with the court. With respect to the Best Enterprises, LLC action, the court denied the defendant's corrected motion to dismiss, finding that, although Best Enterprises, LLC, failed to timely comply with the

extended deadline for filing its appraisal, the defendant had not been prejudiced by the untimely filing because it had received the appraisal from Best Enterprises, LLC, a long time prior to that plaintiff's ultimate filing of it with the court.

Following the granting of the plaintiffs' motions to open the judgments of dismissal and the denial of the defendant's corrected motion to dismiss, the defendant filed an application for certification to file a public interest appeal in each of the six actions; see General Statutes § 52-265a; asking that we resolve the question of whether the Superior Court has jurisdiction over a tax appeal when the property owner fails to timely comply with the appraisal filing requirement in General Statutes (Rev. to 2023) § 12-117a (a) (2). Former Chief Justice Richard A. Robinson granted the defendant's applications. This joint public interest appeal followed.

I

Before we reach the merits of the defendant's claim, we must first address a threshold jurisdictional issue raised by six of the seven plaintiffs: 7 Germantown Road, LLC; Richard J. Ramey, LLC; BDN Property, LLC; Big Sky Properties, LLC; H D Danbury, LLC; and Stetson Development Corporation. These plaintiffs point out that the legislature recently enacted No. 24-151, § 114, of the 2024 Public Acts (P.A. 24-151), which amended General Statutes (Rev. to 2023) § 12-117a (a) (2) to permit certain taxpayers whose tax appeals previously had been dismissed because they had submitted their appraisals to the assessor of the town or city in which the property is situated rather than to the court, to commence a new tax appeal on or before September 1, 2024, subject to certain conditions.[3] They argue that

---

[3] General Statutes § 12-117a (a) (2) provides: "For any application made on or after July 1, 2022, under subdivision (1) of this subsection, if the assessed value of the real property that is the subject of such application is one million dollars or more and the application concerns the valuation of such real property, the applicant shall file with the court, not later than

the Superior Court had previously dismissed their appeals and that each of them had filed new tax appeals in the Superior Court, in accordance with this new provision. They contend that the filing of those replacement actions renders this appeal moot.

"[M]ootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve before we may reach the merits of an appeal." (Internal quotation marks omitted.) *CT Freedom Alliance, LLC* v. *Dept. of Education*, 346 Conn. 1, 12, 287 A.3d 557 (2023). It is well settled that "an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *In re Emma F.*, 315 Conn. 414, 423–24, 107 A.3d 947 (2015).

These plaintiffs do not explain precisely why the filing of their replacement actions renders the present appeal

one hundred twenty days after making such application, an appraisal of the real property that is the subject of the application. Such appraisal shall be completed by an individual or a company licensed to perform real estate appraisals in the state. The court may extend the one-hundred-twenty-day period for good cause. If such appraisal is not timely filed, the court may dismiss the application, *except that for any application made on or after July 1, 2022, but prior to July 1, 2024, that was dismissed due to such appraisal having been submitted to the assessor of the town or city in which such real property is situated rather than the court, the applicant may make another application with the court, provided the applicant (A) had provided notice to the court of such submission to the assessor, and (B) makes such application not later than September 1, 2024.*" (Emphasis added.)

moot. Their argument presumably is that the dismissal of the present appeal will not provide the defendant with any practical relief because the defendant will still have to litigate the merits of the tax appeals in the replacement actions.

Because these plaintiffs' replacement actions were not properly brought under the current version of General Statutes § 12-117a (a) (2), we are not persuaded that the present appeal is moot. Section 12-117a (a) (2) now allows certain taxpayers whose tax appeals were "dismissed" due to the filing of their appraisals with the assessor of the town or city in which the property is situated rather than with the court to commence a new appeal in the Superior Court by September 1, 2024, so long as certain conditions under the statute are met. See P.A. 24-151, § 114. At the time these plaintiffs filed their replacement actions, however, the Superior Court had already opened the judgments of dismissal in the underlying appeals, allowing them to proceed with the appeals on their merits. Because the judgments of dismissal in the underlying appeals were effectively vacated by the court by the time these plaintiffs filed their replacement actions, we conclude that the underlying appeals were not "dismissed" for purposes of § 12-117a (a) (2). Nothing in the statutory language suggests that the legislature intended for a party that had a pending tax appeal in the Superior Court to file a second tax appeal in the Superior Court, requiring concurrent litigation by the parties with respect to the same exact tax assessments.[4] Accordingly, because a determination

---

[4] To conclude otherwise would also be contrary to the prior pending action doctrine under our common law. See, e.g., *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 395–96, 973 A.2d 1229 (2009) (Although not a rule of absolute rigor, "[t]he prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second . . . ." (Internal quotation marks omitted.)). There is no indication by our legislature, clear or otherwise, that it intended to

of the present appeal in the defendant's favor can result in practical relief to the defendant, we conclude that it is not moot.

## II

We now turn to the question of whether a property owner's failure to timely file an appraisal in accordance with § 12-117a (a) (2)[5] implicates the Superior Court's subject matter jurisdiction. The defendant frames its claim as one of standing, claiming that the plaintiffs lack statutory standing to pursue their tax appeals because they failed to timely file their appraisals with the court by the appraisal filing deadline. It contends that the Superior Court is without subject matter jurisdiction over the tax appeals for this reason.

It is well known that, "[i]f a party is found to lack standing, the court is without subject matter jurisdiction . . . ." (Internal quotation marks omitted.) *Frillici* v. *Westport*, 264 Conn. 266, 280, 823 A.2d 1172 (2003). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it." (Internal quotation marks omitted.) *Keller* v. *Beckenstein*, 305 Conn. 523, 531, 46 A.3d 102 (2012). Whether the failure to timely comply with the appraisal filing requirement in § 12-117a (a) (2) implicates the Superior Court's subject matter jurisdiction is a question of law over which our review is plenary. See, e.g., *A Better Way Wholesale Autos, Inc.* v. *Saint Paul*, 338 Conn. 651, 658, 258 A.3d 1244 (2021). The question of subject matter jurisdiction in the present appeal also raises issues of statutory

___

abrogate or modify the common law in this particular context. See, e.g., *Hopkins* v. *O'Connor*, 282 Conn. 821, 843, 925 A.2d 1030 (2007) ("[w]hile the legislature's authority to abrogate the common law is undeniable, we will not lightly impute such an intent to the legislature" (internal quotation marks omitted)).

[5] All references hereinafter to § 12-117a are to the 2023 revision of the statute.

construction over which our review is plenary as well. See, e.g., *Jobe* v. *Commissioner of Correction*, 334 Conn. 636, 647, 224 A.3d 147 (2020). We are guided by the well established principles for discerning legislative intent. See, e.g., General Statutes § 1-2z; *Fay* v. *Merrill*, 336 Conn. 432, 445–46, 246 A.3d 970 (2020).

We begin with the relevant statutory language. Section 12-117a (a) (1) provides in relevant part: "Any person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court."

Section 12-117a (a) (2) further provides: "For any application made on or after July 1, 2022, under subparagraph (B) of subdivision (1) of this subsection,[6] if the assessed value of the real property that is the subject of such application is one million dollars or more and the application concerns the valuation of such real property, the applicant shall file with the court, not later than one hundred twenty days after making such application, an appraisal of the real property that is the subject of the application. Such appraisal shall be completed by an individual or a company licensed to perform real estate appraisals in the state. The court may extend the one-hundred-twenty-day period for good cause. If such appraisal is not timely filed, the court may dismiss the application." (Footnote added.)

There is no question that § 12-117a (a) (2) creates an appraisal filing requirement for tax appeals involving

[6] Although there is no subparagraph (B) of subdivision (1) in subsection (a), the parties do not dispute that the plaintiffs are subject to the requirements of § 12-117a (a) (2).

real properties with assessed values of one million dollars or more. We are not persuaded, however, that the appraisal filing requirement implicates the plaintiffs' standing. It is black letter law that "[s]tanding is the legal right to set judicial machinery in motion." (Internal quotation marks omitted.) *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535, 547, 133 A.3d 140 (2016). It is concerned with whether a person "is a proper party to request an adjudication of the issue . . . ." (Internal quotation marks omitted.) *Handsome, Inc.* v. *Planning & Zoning Commission*, 317 Conn. 515, 525, 119 A.3d 541 (2015). With statutory standing, we generally look at whether a person falls within the class of persons that the legislature has authorized to bring an action or appeal. See, e.g., *In re Criminal Complaint & Application for Arrest Warrant*, 350 Conn. 633, 647, 325 A.3d 921 (2024) (statute provided plaintiffs in error standing to request issuance of arrest warrants); *McWeeny* v. *Hartford*, 287 Conn. 56, 58–59, 946 A.2d 862 (2008) (recipient of surviving spouse pension allowance lacked standing to bring marital status discrimination complaint pursuant to General Statutes § 46a-60 (a) (1)). In other words, we look at whether "particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *Canty* v. *Otto*, 304 Conn. 546, 557, 41 A.3d 280 (2012).

Section 12-117a (a) (2) unambiguously provides that the taxpayer shall file the appraisal with the court "not later than one hundred twenty days *after*" commencing the appeal, but it says nothing about who is a proper party to *bring* a tax appeal to the Superior Court in the first instance. (Emphasis added.) That is, it says nothing about who may set the "judicial machinery in motion." (Internal quotation marks omitted.) *Styslinger* v. *Brewster Park, LLC*, 321 Conn. 312, 316, 138 A.3d 257 (2016). Section 12-117a (a) (1), by contrast, addresses precisely

that question. It provides in no uncertain terms that "[a]ny person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals" may commence a tax appeal in the Superior Court "within two months after the date of the mailing of notice of such action . . . ." General Statutes (Rev. to 2023) § 12-117a (a) (1). As this court has explained on numerous occasions, § 12-117a "allows taxpayers to appeal the decisions of municipal boards of [assessment appeals] to the Superior Court, [and] provide[s] a method by which an owner of property may directly call in question the valuation placed by assessors [on] his property." (Emphasis omitted; internal quotation marks omitted.) *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, supra, 320 Conn. 550; accord *Breezy Knoll Assn., Inc.* v. *Morris*, 286 Conn. 766, 775, 946 A.2d 215 (2008). The plaintiffs allege in their complaints that they own the properties that are the subject of the challenged assessments and that they are aggrieved by the defendant's actions.[7] It is clear, therefore, that the plaintiffs are precisely the type of parties to which the statute is directed, and they unquestionably possessed standing to appeal to the Superior Court to challenge the board's actions, regardless of whether they ultimately complied with the additional appraisal filing requirement under the statute.

Although we reject the defendant's characterization that the appraisal filing requirement implicates the plaintiffs' standing, we think the defendant's claim can best be understood as an argument that a party's failure to timely file an appraisal by the appraisal filing deadline *divests* the court of subject matter jurisdiction over the appeal. Indeed, the defendant argues that, after the plaintiffs each received an extension of time to file

---

[7] Because these matters are at the motion to dismiss stage, we must accept as true the plaintiffs' factual allegations in their complaints. See, e.g., *Khan* v. *Yale University*, 347 Conn. 1, 11, 295 A.3d 855 (2023).

their appraisals, the plaintiffs failed to timely file their appraisals by that extended deadline. At that point in time, the defendant contends, the court was divested of subject matter jurisdiction, and it no longer had the authority to adjudicate the tax appeals. We disagree.

As we previously explained, § 12-117a (a) (2) provides that, "if the assessed value of the real property that is the subject of such application is one million dollars or more and the application concerns the valuation of such real property, the applicant shall file with the court, not later than one hundred twenty days after making such application, an appraisal of the real property that is the subject of the application. Such appraisal shall be completed by an individual or a company licensed to perform real estate appraisals in the state. The court may extend the one-hundred-twenty-day period for good cause. If such appraisal is not timely filed, the court may dismiss the application."

Section 12-117 (a) (2) uses the term "shall" when it addresses the appraisal filing requirement and the term "may" when it addresses the Superior Court's authority to extend the time for filing the appraisal, as well as a court's authority to dismiss an application for failure to do so. When a statute uses both "shall" and "may," as § 12-117a (a) (2) does, we have stated that those terms "must then be assumed to have been used with discrimination and a full awareness of the difference in their ordinary meanings." (Internal quotation marks omitted.) *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 20, 848 A.2d 418 (2004). As a result, the language in § 12-117 (a) (2) certainly suggests that the legislature intended for the requirement to file the appraisal to be mandatory in nature but the time period for filing the appraisal, and the consequences for failure to file within the time period, to be within the discretion of the trial court, subject,

of course, to the good cause provision contained in the statute.

The question that remains is whether the time to file the appraisal, which is subject to extension by the Superior Court for good cause, is a subject matter jurisdictional requirement, as the defendant contends. We conclude that it is not.

Conferring the Superior Court with discretion to extend the 120 day filing period for good cause is a strong indicator that the legislature did not intend for the appraisal filing requirement to be subject matter jurisdictional. Indeed, we have explained that subject matter jurisdiction "cannot be waived by anyone, including [the] court"; *Simms* v. *Warden*, 229 Conn. 178, 185, 640 A.2d 601 (1994); and that courts lack discretionary authority to extend a limitation period that is subject matter jurisdictional. See *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 269, 777 A.2d 645 (2001). The Superior Court's discretionary authority to extend the 120 day filing period for good cause cannot be easily reconciled with these jurisdictional precepts.

The defendant advances several arguments in support of its claim that the appraisal filing requirement is subject matter jurisdictional. None is persuasive. First, the defendant recognizes that § 12-117a (a) (2) affords the Superior Court discretion to extend the appraisal filing deadline for good cause. It contends, however, that once a party fails to file the appraisal with the court by the extended filing deadline, the court is then without subject matter jurisdiction over the tax appeal. The defendant's argument, in essence, is that a court may extend the filing deadline for good cause only *prior* to the passage of the filing deadline, but, otherwise, it lacks jurisdiction to do so once the deadline has passed.

The defendant's interpretation of § 12-117a (a) (2) is simply not supported by the clear language of the statute. The statute notably does not state that a court may extend the filing deadline only prior to the passage of the deadline. It broadly provides that "[t]he court may extend the one-hundred-twenty-day period for good cause." General Statutes (Rev. to 2023) § 12-117a (a) (2). Pursuant to this language, a court has the discretion, as the defendant suggests, to grant a request for an extension of the filing period upon a showing of good cause *before* the filing deadline has lapsed. But nothing in the statute precludes a court from exercising its discretion to extend the filing period *after* the deadline has lapsed, so long as there is good cause to do so. Tellingly, the statute does not state that the Superior Court "shall" or "must" dismiss an appeal if the appraisal is not timely filed; it plainly states that the court "may" dismiss the appeal, giving the court the discretion to extend the deadline, provided there is good cause after the filing deadline has lapsed. General Statutes (Rev. to 2023) § 12-117a (a) (2). To construe the statute as reflecting an intent to divest the Superior Court of subject matter jurisdiction over an appeal when a plaintiff fails to timely file an appraisal ignores the flexible nature of the discretion that the statutory text provides to the court.

Second, the defendant argues that support for its position can be found in our decisions in *Chestnut Point Realty, LLC* v. *East Windsor*, 324 Conn. 528, 153 A.3d 636 (2017) (*Chestnut Point*), and *KeyBank, N.A.* v. *Yazar*, 347 Conn. 381, 297 A.3d 968 (2023). It contends that these cases demonstrate that the appraisal filing requirement at issue in the present case is a condition precedent to a property owner's right to bring a tax appeal in the Superior Court and that the failure to comply with that requirement mandates dismissal. The statutory provisions at issue in *Chestnut Point* and *Key-*

*Bank, N.A.*, however, are materially different from § 12-117a (a) (2) and support, rather than undermine, our conclusion that the appraisal filing requirement is not subject matter jurisdictional.

In *Chestnut Point*, we explained that the statutory right to appeal from an assessment of real property by a municipal board of assessment appeals under General Statutes (Rev. to 2011) § 12-117a was conditioned on the property owner's "mak[ing] application" to the Superior Court "*within two months* from the date of the mailing of notice of such action . . . ." (Emphasis in original; internal quotation marks omitted.) *Chestnut Point Realty, LLC* v. *East Windsor*, supra, 324 Conn. 534. We concluded that the plaintiff property owner's failure to serve the tax appeal on the defendant town within the two month limitation period warranted dismissal of the plaintiff's tax appeal. Id., 544. And, in *KeyBank, N.A.*, a mortgage foreclosure case, we explained that the EMAP[8] notice requirement in General Statutes § 8-265ee, which provides in relevant part that "[n]o such mortgagee may commence a foreclosure of a mortgage prior to mailing such notice," is a nonjurisdictional requirement but is nonetheless a mandatory condition precedent that a plaintiff must satisfy before it commences any mortgage foreclosure. *KeyBank, N.A.* v. *Yazar*, supra, 347 Conn. 400, 404. We concluded that, until the condition is satisfied, the plaintiff has not alleged a cause of action for which relief can be granted. Id., 404–405.

The statutory language at issue in both *Chestnut Point* and *KeyBank, N.A.*, unambiguously made the *commencement* of those actions conditional on compliance with the operative statutory requirements in those cases, whereas the appraisal filing requirement in § 12-

---

[8] "EMAP" stands for the Emergency Mortgage Assistance Program. General Statutes §§ 8-265cc through 8-265kk.

117a (a) (2) contains no such condition. As we explained, the plain language of § 12-117a (a) (2) requires a taxpayer to file an appraisal "not later than one hundred twenty days *after*" commencing the tax appeal (or later, if the appraisal filing deadline is extended for good cause). Notably, unlike the filing requirement in § 12-117a (a) (2), the statutory provisions at issue in *Chestnut Point* and *KeyBank, N.A.* did not contain a "good cause" provision giving the Superior Court the authority, respectively, to extend the two month time period to commence the appeal or to alter when the EMAP notice could be given. We conclude, therefore, that the appraisal filing requirement in § 12-117a (a) (2) is neither a condition precedent to the commencement of a tax appeal nor a requirement that implicates the Superior Court's subject matter jurisdiction; the filing of the appraisal is a mandatory requirement that arises after the commencement of a tax appeal, with the time period for filing it subject to extension by the Superior Court for good cause.

The judgments are affirmed.

In this opinion the other justices concurred.