******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# WELLS FARGO BANK, NATIONAL ASSOCIATION, TRUSTEE *v.* BARRY J. BURNS ET AL.
## (AC 48633)

Cradle, C. J., and Moll and Westbrook, Js.

*Syllabus*

The defendant property owners appealed from the trial court's judgment of strict foreclosure rendered for the plaintiff. They claimed that the court improperly determined that the plaintiff provided them with an Emergency Mortgage Assistance Program (EMAP) notice required pursuant to statutes (§§ 8-265dd and 8-265ee). *Held*:

The defendants' claim that the plaintiff failed to provide them with an EMAP notice was unavailing for the same reasons discussed in *U.S. Bank National Assn.* v. *Jackson* (239 Conn. App. 418), namely, that the notice provisions of § 8-265ee (a) do not require actual delivery of an EMAP notice.

Argued February 2—officially released June 2, 2026

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the defendant First Tennessee Bank National Association et al. were defaulted for failure to appear and the defendant The Ridge Homeowner's Association, Inc., was defaulted for failure to plead; thereafter, the court, *Cirello, J.*, granted in part the plaintiff's motion for summary judgment as to liability only; subsequently, the court, *Regan, J.*, rendered judgment of strict foreclosure, from which the named defendant et al. appealed to this court. *Affirmed*.

*Christopher G. Brown*, for the appellants (named defendant et al.).

*Benjamin T. Staskiewicz*, for the appellee (plaintiff).

MOLL, J. The defendants Barry J. Burns and Christine S. Burns[1] appeal from the judgment of strict foreclosure

[1] The complaint also named First Tennessee Bank National Association, The Ridge Homeowner's Association, Inc., and the Department of Revenue Services as defendants, but those parties were defaulted either for

rendered by the trial court in favor of the plaintiff, Wells Fargo Bank, National Association, as Trustee for Option One Mortgage Loan Trust 2007-3, Asset-Backed Certificates, Series 2007-3. On appeal, the defendants claim that the court improperly determined that the plaintiff provided them with an EMAP[2] notice. For the reasons stated in the companion case also released today; see *U.S. Bank National Assn.* v. *Jackson*, 239 Conn. App. 418,     A.3d     (2026); we disagree and, accordingly, affirm the judgment of the trial court.

The following procedural history is relevant to our resolution of this appeal. On June 19, 2019, the plaintiff commenced the present action. In the plaintiff's two count complaint, in which it sought foreclosure of a mortgage (count one) and reformation of a mortgage (count two), it alleged in relevant part as follows. On or about January 10, 2007, by way of a promissory note (note), Barry promised to pay the principal sum of $974,940 payable with interest to Option One Mortgage Corporation. To secure the note, the defendants executed a mortgage on real property that they owned at 382 Brambley Hedge Circle also known as 43 Brambley Hedge Circle in Fairfield (property). The mortgage deed was recorded on January 16, 2007, on the Fairfield land records. The mortgage was assigned to the plaintiff by way of an assignment dated May 18, 2010, and recorded on the Fairfield land records on June 1, 2010. Following a default for nonpayment, the plaintiff, who is the holder of the note, elected to accelerate the balance due on the note, to declare the note to be due in full, and to foreclose the mortgage. On October 29, 2021, the defendants filed an answer and, in a single special defense, asserted that (1) the complaint did not identify who had possession of the note, (2) they did not receive "specific notice of

failure to appear or for failure to plead and are not participating in this appeal. For purposes of clarity, we refer to Barry J. Burns and Christine S. Burns individually by first name and collectively as the defendants.

[2] "'EMAP' stands for the Emergency Mortgage Assistance Program. General Statutes §§ 8-265cc through 8-265kk." *7 Germantown Road, LLC* v. *Danbury*, 351 Conn. 169, 185 n.8, 329 A.3d 927 (2025).

acceleration of the alleged debt owed before the plaintiff commenced [the present] action," and (3) the plaintiff failed to give them an EMAP notice.

On May 9, 2022, the plaintiff filed a motion for summary judgment as to liability only on count one. The plaintiff's motion was accompanied by a supporting memorandum of law and exhibits, including an affidavit of Flora V. Rashtchy (Rashtchy affidavit), a contract management coordinator of the plaintiff's authorized servicing agent. Rashtchy averred in relevant part that, on December 10, 2018, an EMAP notice was sent by certified mail to the defendants at the property, referencing attached copies of (1) the EMAP notice and (2) a document containing United States Postal Service tracking information for the EMAP notice, which reflected that the EMAP notice had been returned to sender after going unclaimed. Relying on the Rashtchy affidavit and its attachments, the plaintiff claimed in relevant part that there was no genuine issue of material fact that it had mailed an EMAP notice to the defendants by certified mail such that, as a matter of law, it had complied with General Statutes §§ 8-265dd[3] and 8-265ee.[4]

On June 8, 2022, the defendants filed a memorandum of law in opposition to the plaintiff's motion for summary

[3]General Statutes § 8-265dd (b) provides in relevant part: "Notwithstanding any provision of the general statutes, or any rule of law to the contrary, on and after July 1, 2008, no judgment of strict foreclosure nor any judgment ordering a foreclosure sale shall be entered in any action instituted by the mortgagee to foreclose a mortgage commenced on or after said date, for the foreclosure of an eligible mortgage unless (1) notice to the homeowner who is a mortgagor has been given by the mortgagee in accordance with section 8-265ee and the time for response has expired, and (2) a determination has been made on the homeowner's application for emergency mortgage assistance payments in accordance with section 8-265ff or the applicable time periods set forth in sections 8-265cc to 8-265kk, inclusive, have expired, whichever is earlier. . . ."

Section 8-265dd was amended following the relevant events in the present action. See Public Acts 2021, No. 21-44, § 7. That amendment made changes to the statute that are not relevant to this appeal. Accordingly, we refer to the current revision of the statute.

[4]General Statutes § 8-265ee (a) provides in relevant part: "On and after July 1, 2008, a mortgagee who desires to foreclose upon a mortgage

judgment as to liability only on count one, which memorandum was accompanied by personal affidavits. The defendants argued that **(1)** the plaintiff was required to demonstrate actual delivery of an EMAP notice prior to commencing the present action in order to satisfy §8-265ee (a) and **(2)** there was a genuine issue of material fact as to whether they received an EMAP notice from the plaintiff before it had commenced the present action.

On October 20, 2022, the trial court, *Cirello*, *J.*, granted the plaintiff's motion for summary judgment as to liability only as to count one.[5] Citing *Aurora Loan Services, LLC* v. *Condron*, 181 Conn. App. 248, 186 A.3d 708 (2018), the court determined that **(1)** §8-265ee (a) does not require proof of actual delivery of an EMAP notice and **(2)** the plaintiff's evidentiary submissions established that there was no genuine issue of material fact that it sent an EMAP notice by certified mail, and, therefore, as a matter of law, the plaintiff complied with §8-265ee (a). On November 9, 2022, the defendants filed a motion to reargue, again asserting that the plaintiff failed to provide them with an EMAP notice. On December 20, 2022, the court denied the motion to reargue.

On February 3, 2023, the plaintiff filed a motion for judgment of strict foreclosure. On February 4, 2025,

which satisfies the standards contained in subdivisions (1), (9), (10) and (11) of subsection (e) of section 8-265ff, shall give notice to each homeowner who is a mortgagor by registered, or certified mail, postage prepaid at the address of the property which is secured by the mortgage. No such mortgagee may commence a foreclosure of a mortgage prior to mailing such notice. . . ."

Section 8-265ee was amended following the relevant events in the present action. See Public Acts 2021, No. 21-44, §8. That amendment made changes to the statute that are not relevant to this appeal. Accordingly, we refer to the current revision of the statute.

The plaintiff did not expressly cite §8-265ee, but it cited Public Acts 2009, No. 09-209, §§28 and 29, which amended §8-265dd and §8-265ee, respectively. Accordingly, we discern the plaintiff to have relied on both §§8-265dd and 8-265ee in moving for summary judgment as to liability only on count one.

[5]The court determined that the plaintiff's motion for summary judgment encompassed count two as well and denied the motion as to count two. On September 12, 2023, the plaintiff filed another motion for summary judgment as to count two, which the court denied on December 5, 2023.

following trial, the court, *Regan, J.*, rendered judgment for the plaintiff on count two. On March 24, 2025, the court rendered a judgment of strict foreclosure on count one, determining the debt to be $1,888,552.18 and the fair market value of the property to be $1,850,000, and setting the law days to commence on July 29, 2025. This appeal followed.

On appeal, the defendants' claim is identical to the claim raised by the defendant in *Jackson*, namely, that, "although mailing [an EMAP notice] suffices for commencing an action [pursuant to §8-265ee (a)], 'giving notice' for purposes of satisfying the prerequisite to a judgment under §8-265dd (b) means delivering [an EMAP] notice, not merely mailing one."[6] See *U.S. Bank National Assn.* v. *Jackson*, supra, 239 Conn. App. 425. We rejected that claim in *Jackson*, concluding that (1)

[6]As a preliminary matter, the plaintiff argues in its appellate brief that the defendants did not properly preserve their claim of error regarding the plaintiff's EMAP compliance because they appealed from the judgment of strict foreclosure, rather than from the summary judgment as to liability only rendered in the plaintiff's favor on count one. The plaintiff also argues that the defendants' claim is "unbriefed . . . ." These arguments are untenable. Our review of the defendants' principal appellate brief reflects that they adequately briefed their claim, including by addressing the court's reasoning in its decision granting the plaintiff's motion for summary judgment as to liability only on count one. Additionally, the grant of a motion for summary judgment as to liability only is not a final judgment, and, therefore, the defendants had to await the rendering of a final judgment to file an appeal raising their claim. See *Wells Fargo Bank, N.A.* v. *Tarzia*, 150 Conn. App. 660, 662 n.2, 92 A.3d 983 ("The plaintiff argues that the defendant did not properly preserve his claims of error by appealing from a judgment of strict foreclosure when his claims concern the propriety of the court's earlier entry of summary judgment as to liability. We reject this argument because . . . the entry of summary judgment as to liability only is not a final judgment for purposes of appeal."), cert. denied, 314 Conn. 905, 99 A.3d 635 (2014).

We also note that the defendants' appeal form and preliminary statement of the issues refer to the judgment rendered in the plaintiff's favor on count two; however, the defendants have not briefed any claim of error regarding the judgment rendered on count two, and, during oral argument before this court, the defendants' appellate counsel conceded that the defendants were not challenging the judgment rendered on count two.

"an EMAP notice is 'given' for purposes of §8-265dd (b) when the notice provisions of §8-265ee have been satisfied"; id.; and **(2)** "the notice provisions of §8-265ee **(a)** do not require delivery of an EMAP notice **[**such that**]** §8-265dd **(b)** likewise does not mandate delivery of an EMAP notice." Id., 428. Applying *Jackson* to the present case, we conclude that the defendants' claim fails.

The judgment is affirmed and the case is remanded for further proceedings according to law. See *Wahba* v. *JPMorgan Chase Bank, N.A.*, 349 Conn. 483, 316 A.3d 338 **(2024).**

In this opinion the other judges concurred.